Filed 1/11/07 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2007 ND 5

Daniel O. Donlin, Plaintiff, Appellee and Cross-Appellant

v.

June A. Donlin, Defendant, Appellant and Cross-Appellee

No. 20060128

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Michael Geiermann, Schulz Geiermann & Bergeson Law Offices, P.C., P.O. Box 2196, Bismarck, N.D. 58502-2196, for plaintiff, appellee and cross-appellant.

Richard B. Baer, Richard B. Baer, P.C., 1110 College Drive, Suite 211, Bismarck N.D. 58501-1225, for defendant, appellant and cross-appellee.

Donlin v. Donlin

No. 20060128

Crothers, Justice.

[¶1] June Donlin appeals and Daniel Donlin cross-appeals from a divorce judgment equally dividing the parties’ marital property and awarding June Donlin spousal support.  We affirm the judgment and dismiss the cross-appeal.

I

[¶2] June Donlin and Daniel Donlin were married in May 1989 and had no children from their marriage.  This was Daniel Donlin’s first marriage and June Donlin’s third marriage. 
 June Donlin had two children from a prior marriage.  In June 2005, Daniel Donlin commenced this divorce action, and a trial was held in the district court in March 2006. 

[¶3] At the time of trial, June Donlin was forty-eight years old, and Daniel Donlin was forty-two years old.  The district court found that because the Donlins had been married for more than sixteen years, it was a marriage of relatively long duration.  Daniel Donlin was employed with the Bismarck police department, while June Donlin was unemployed and receiving social security disability income.  The court found June Donlin was not likely to be employed in the near future in a new career at a high level of pay.

[¶4] June Donlin had struggled with alcohol abuse throughout their marriage.  The court found that June Donlin had revealed to Daniel Donlin her history of alcohol use and of having been sexually abused as a young child.  The court also found that during the marriage, June Donlin had sought psychiatric help, but her psychiatrist had abused her trust by starting a sexual affair with her leading to the breakup of the marriage.  June Donlin and Daniel Donlin have pursued a lawsuit based upon the actions of June’s psychiatrist, resulting in settlement proceeds paid by one defendant.  The court found that while Daniel Donlin has been very supportive of June Donlin and her struggle with alcohol and sexual abuse, June Donlin’s deception and her affair ultimately led Daniel Donlin to initiate this divorce action.

[¶5] The district court found June Donlin and Daniel Donlin enjoyed a modest, middle-class lifestyle.  However, while Daniel Donlin appears to be in good health, June Donlin’s mental health has been problematic.  The court found all of the parties’ property and debts had been accumulated during their marriage, with the exception of some stock Daniel Donlin received from his father prior to the marriage.  The court also found both parties had accrued significant credit card debt before and after their separation.  

[¶6] After consideration of the 
Ruff-Fischer
 guidelines, the district court concluded an equitable division of the marital estate was an equal division of the estate.  The court found the Donlins’ assets of $205,210, less their total debts of $36,285 resulted in a net marital estate of $168,925, and the court awarded an equal value of $84,462 to both Daniel Donlin and June Donlin.  The court awarded each party half of the lawsuit net proceeds stemming from the psychiatrist’s actions, net funds from the sale of their house, and life insurance proceeds.

[¶7] The district court ordered the sale of the company stock Daniel Donlin had received from his father prior to marriage, with the proceeds to be equally divided between the parties.  The court also ordered an equal division of Daniel Donlin’s Bismarck police pension.  Additionally, the court ordered Daniel Donlin to pay June Donlin $600 per month in rehabilitative spousal support for three years.

[¶8] June Donlin appealed and Daniel Donlin cross-appealed from the judgment.  After oral argument to this Court and based upon the parties’ motion “for the consideration and entry of an Amended Judgment in this matter [to] eliminate the cross[-]appeal issue raised by” Daniel Donlin, we temporarily remanded to the district court “for the limited purpose of the District Court’s consideration and entry of an Amended Judgment.”  On remand, the parties stipulated to entry of an amended judgment that ultimately awarded Daniel Donlin his Bismarck police pension and awarded June Donlin one-half of the pension’s value from other assets awarded to Daniel Donlin.

II

[¶9] June Donlin argues the district court clearly erred in equally dividing the parties’ marital property and awarding her $600 per month in rehabilitative spousal support for three years.

A

[¶10] This Court reviews a district court’s determination regarding the distribution of property as a finding of fact and will not reverse unless the district court’s findings are clearly erroneous.  
Dvorak v. Dvorak
, 2006 ND 171, ¶ 19, 719 
N.W.2d
 362.  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made.”  
Kautzman v. Kautzman
, 1998 ND 192, ¶ 8, 585 
N.W.2d
 561.

[¶11] “When distributing marital property, all of the parties’ assets must be considered to insure the division is equitable.”  
Kostelecky v. Kostelecky
, 2006 ND 120, ¶ 12, 714 
N.W.2d
 845.  Under the 
Ruff-Fischer
 guidelines, the court must consider:

the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material. 

 

Id.
  “‘[A] property division need not be equal to be equitable, but a substantial disparity must be explained.’”  
Amsbaugh v. Amsbaugh
, 2004 ND 11, ¶ 23, 673 
N.W.2d
 601 (quoting 
Bladow v. Bladow
, 2003 ND 123, ¶ 5, 665 
N.W.2d
 724).  This Court has also recognized that a long-term marriage supports an equal distribution of property.  
Dvorak
, 2006 ND 171, ¶ 34, 719 
N.W.2d
 362; 
Schoenwald v. Schoenwald
, 1999 ND 93, ¶ 23, 593 
N.W.2d
 350.  

[¶12] Here, the district court found the parties’ marriage of more than sixteen years was of a long duration and, through application of the 
Ruff-Fischer
 guidelines, concluded an equitable distribution is an equal division of the marital estate.  The court considered the ages of the parties, their earning ability, the conduct of the parties during the marriage, and their station in life.  The court also considered the health and physical condition of the parties, specifically discussing June Donlin’s mental health.

[¶13] Although June Donlin asserts on appeal the district court needed to place greater emphasis on her needs arising out of her medical condition, her history, and her poor outlook for the future, the court evaluated June Donlin’s needs with regard to those issues.  The record reflects June Donlin has an educational background in business management and work experience in bookkeeping.  The court also found that while she is presently receiving social security disability income, there is no evidence of a permanent award.  Although June Donlin’s mental health concerns may be significant, we are not left with a definite and firm conviction the district court made a mistake in distributing the parties’ marital estate equally.  We conclude the district court did not clearly err in concluding an equal division of the marital property was equitable.

B

[¶14] June Donlin argues the district court’s award of spousal support of $600 per month for three years is insufficient, particularly considering her disability and lack of employment and income.  

[¶15] Determinations of spousal support are also findings of fact, and the court’s decision on spousal support will not be set aside on appeal unless clearly erroneous.  
Kostelecky
, 2006 ND 120, ¶ 14, 714 
N.W.2d
 845.  In determining spousal support, the district court must consider the relevant factors under the 
Ruff-Fischer
 guidelines.  
Sack v. Sack
, 2006 ND 57, ¶ 12, 711 
N.W.2d
 157.  “Property division and spousal support are interrelated and intertwined and often must be considered together.”  
Kostelecky
, at ¶ 14. 

[¶16] In awarding June Donlin spousal support, the court found that both Daniel Donlin and June Donlin have a modest standard of living, which would remain modest for a period of time after divorce, and that their circumstances and necessities would remain largely the same after they are divorced.  The court also considered, however, that neither party would have any debts as a result of the divorce and that both parties would have an equal share of what was left of their marital estate.  In explaining its award of spousal support, the district court further considered Daniel Donlin’s continued employment as police officer with a net monthly income of $3,233, and recognized June Donlin’s emotional condition is such that she is receiving social security disability income in the amount of $887 per month.  In its memorandum opinion, however, the district court also appears to have relied upon specific facts in an appellee’s brief from a prior case before this Court to justify the range of sufficient spousal support in this case.  Each case must be decided on its own specific facts and, although we do not condone the district court’s consideration of an appellate brief in another case to justify the amount of the spousal support award here, we are not left with a definite and firm conviction the district court made a mistake in this case.

[¶17] The district court concluded the award of rehabilitative support would “assist June in coming to a resolution with her problems,” but did not find any need for permanent spousal support.  Based upon our review of the record in light of the 
Ruff-

Fischer
 guidelines, the facts as established in this case, and the equal distribution of the parties’ marital property, we conclude the district court did not clearly err in awarding June Donlin rehabilitative spousal support of $600 per month for three years.

III

[¶18] In his cross-appeal, Daniel Donlin argues the district court erred in ordering his Bismarck police pension be equally divided between the parties.  Based upon the parties’ stipulation during the limited remand of this case, an amended judgment awarded the pension to Daniel Donlin and awarded one-half of the pension’s value to June Donlin from other assets awarded to Daniel Donlin.

[¶19] “We will dismiss an appeal if the issues become moot or academic and no actual controversy is left to be determined.”  
Ramsey Fin. Corp. v. Haugland
, 2006 ND 167, ¶ 8, 719 N.W.2d 346 (citing 
DeCoteau v. Nodak Mut. Ins. Co.
, 2001 ND 182, ¶ 10, 636 N.W.2d 432).  Because the amended judgment resolves the issue raised by Daniel Donlin in his cross-appeal, we conclude the issue is now moot.  Accordingly, we dismiss the cross-appeal.

IV

[¶20] We dismiss the cross-appeal and affirm the judgment.

[¶21] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.