2008 ND 14

**Kandas K. WOLD, Plaintiff, Appellee, and Cross–Appellant**

v.

**Kirk R. WOLD, Defendant, Appellant, and Cross–Appellee.**

**No. 20060342.**

Supreme Court of North Dakota.

Jan. 23, 2008.

542

H. Malcolm Pippin, Nilles, Ilvedson, Plambeck & Selbo, Ltd., Williston, N.D., for plaintiff, appellee, and cross-appellant.

Dann E. Greenwood, Greenwood & Ramsey, PLLP, Dickinson, N.D., for defendant, appellant, and cross-appellee.

VANDE WALLE, Chief Justice.

[¶ 1]  Kirk Wold appealed from a judgment granting his spouse, Kandas Wold, a decree of divorce on the grounds of irreconcilable differences, asserting the district court erred in dividing the marital property and in awarding Kandas Wold spousal support. Kandas Wold filed a cross-appeal, asserting the court erred in dividing the marital property and erred in failing to provide security for her spousal support

payments. Kandas Wold also requests attorney fees on appeal. We hold the district court's division of the marital property and award of spousal support are not clearly erroneous. We further hold the district court did not abuse its discretion in refusing to provide security for the spousal support payments. We deny Kandas Wold's request for attorney fees on appeal, and we affirm the judgment.

## I

### Facts

[¶ 2] Kirk and Kandas Wold were married on July 28, 1990, and their son was born September 6, 1991. At the time of the marriage, Kandas Wold was employed as a waitress and Kirk Wold was employed as an oil field laborer. In 1991, the parties purchased Panther Pressure Testers ("Panther"), an oil field service business involved in pressure testing oil field equipment. Kirk Wold operated the oil field business and Kandas Wold performed office work for the business. In early June 2003, Kirk Wold moved out of the marital home. He continued to operate the business and another person was hired to do most of the office work previously performed by Kandas Wold.

[¶ 3] Upon granting a decree of divorce, the district court awarded custody of the parties' son to Kandas Wold with reasonable visitation for Kirk Wold and ordered Kirk Wold to pay child support of $2,102 per month. The court determined the parties had a total net worth of $952,484.90. Of that amount the court awarded $485,165.31 to Kandas Wold and $467,319.59 to Kirk Wold. The court also ordered Kirk Wold to pay spousal support to Kandas Wold of $3,000 per month for 20 years.

## II

### Property Division

[¶ 4] Kirk Wold asserts the district court did not make an equitable division of the marital property. He asserts the court erred when it awarded the business to him while awarding some of the business property to Kandas Wold without making appropriate adjustments to the value of the business. Kandas Wold, in her cross-appeal, also asserts the trial court failed to make an equitable division of the property. She asserts the district court valued the business too low and erred in failing to include Cheetah Rentals as part of the marital assets. Kandas Wold asserts Cheetah Rentals "is simply Panther Pressure Testers with a different name and now attempted to be hidden" by Kirk Wold and his girlfriend, who now owns that part of the business.

[¶ 5] Under N.D.C.C. § 14–05–24(1), the district court, upon granting a divorce, must make an equitable distribution of the marital property. The court must ascertain the value of the marital estate and then apply the *Ruff–Fischer* guidelines to equitably distribute the property. *Lorenz v. Lorenz*, 2007 ND 49, ¶ 6, 729 N.W.2d 692. Factors for consideration under those guidelines include:

> The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material. The [district] court is not required to make specific

findings, but it must specify a rationale for its determination.

*Id.* at ¶ 6; *Fischer v. Fischer,* 139 N.W.2d 845, 852 (N.D.1966); *Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107, 111 (N.D.1952). The district court is not required to make specific findings on each *Ruff–Fischer* factor, but must explain the rationale for its decision. *Wagner v. Wagner,* 2007 ND 101, ¶ 10, 733 N.W.2d 593.

▮▮▮ [¶ 6] We review a district court's determination regarding the distribution of property as a finding of fact, and we will not reverse unless the district court's findings are clearly erroneous. *Donlin v. Donlin,* 2007 ND 5, ¶ 10, 725 N.W.2d 905. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence a reviewing court is left with a definite and firm conviction a mistake has been made. *Id.* (quoting *Kautzman v. Kautzman,* 1998 ND 192, ¶ 8, 585 N.W.2d 561). A property division need not be equal to be equitable, but a substantial disparity must be explained. *Amsbaugh v. Amsbaugh,* 2004 ND 11, ¶ 23, 673 N.W.2d 601.

▮▮ [¶ 7] The parties claim the district court committed several mathematical and accounting errors in valuing the marital estate. Kirk Wold asserts the court erred in using an asset valuation methodology for determining the value of the business and then awarding the building out of which the business was operating and other business property to Kandas Wold without making an appropriate reduction to the value of the business awarded to him. Kandas Wold asserts the court erred by not including in the marital estate the value of rental operations which were originally part of Panther, but which she asserts Kirk Wold unilaterally transferred to Cheetah Rentals, owned and operated by his girlfriend.

[¶ 8] The district court addressed these valuation matters in its November 18, 2005 memorandum opinion, in its order regarding motions for reconsideration, dated May 22, 2006, and in its corrected findings of fact, conclusions of law, and order for judgment, dated September 19, 2006. The following statements by the court in those documents highlight and explain the court's reasoning in valuing and distributing the marital property:

Two competing experts valued the business. [Kandas Wold's] expert [Donald] Kainz used the income approach to come up with market value, and [Kirk Wold's] expert [Leonard] Sliwoski used the asset approach to come up with market value. . . .

Interestingly, the approach utilized by Kainz valued the business at $640,000.00, whereas the approach utilized by Sliwoski found the value to be $168,000.00.

. . . .

As concerns the valuation of the parties' business, Panther Pressure Testers, the Court finds the asset approach utilized by [Kirk Wold's] expert, Leonard J. Sliwoski, Ph. D., is much more logical as it relates to these facts and this business. This is an oilfield service company which gets most of its success from entrepreneurial activities of the owner-operator. Those include extremely hard work, long and irregular hours, dependability, and most importantly, the trust and contacts in the oilfield of the other persons who can be characterized as "good old oilfield boys." That trust and network is not easily transferrable, and without tremendous assistance from the seller over a long period of time would dissipate. The Court finds that no knowledgeable buyer would pay much

for the business when he could obtain all the "hard assets" for prices close to Sliwoski's figures.

. . . .

Thus, based upon Sliwoski's methodology, the Court finds that the current value of Panther is . . . $235,929.00.

. . . .

In the context of [Kirk Wold's] Motion for Reconsideration, insofar as it requests reconsideration of the valuation of Panther Pressure Testers based upon claims that certain items of property awarded to [Kandas Wold] were business assets, the Court finds that the values and distributions set forth above are fair and equitable under all the circumstances . . . .

In effect, [Kirk Wold] asks that a company which annually nets hundreds of thousands of dollars have a valuation of $34,000. Although the Court does not accept the income approach recommended by [Kandas Wold], the Court will not depart from reality to the point of finding that income of that amount can come from an empty bag.

. . . .

[Kandas Wold] suggests that assets and/or income stream from Cheetah Sales and Rentals, the rental business owned by Ms. Wilson which was formed with assistance of [Kirk Wold], is somehow available for the Court's distribution in this action. The Court finds that it clearly is not.

. . . .

The business and profitability of Panther Pressure Testers has increased significantly since [Kirk Wold] got out of the rental business which was subsequently taken over by Cheetah . . . . [T]he Court does find that [Kirk Wold] engaged in more outrageous conduct toward [Kandas Wold] during the latter stages of the marriage than that exhibited by [Kandas Wold]. The blatant affair, the exclusion of [Kandas Wold] from involvement in what had been a joint family business, the modification of business involvement without notice to [Kandas Wold] (abandoning the rental business and assistance of Cheetah to step into the void) are all items of fault which the Court can look to as a basis of unequal distribution.

. . . .

[T]he Court believes the values and distributions set forth in the earlier Order are fair and equitable under all the circumstances and declines to modify the same in piecemeal fashion.

[¶ 9]   A district court's property valuation is a finding of fact subject to the clearly erroneous standard of review. *Holden v. Holden,* 2007 ND 29, ¶ 9, 728 N.W.2d 312. We presume a district court's property valuations are correct, and we will not reverse the court's valuations or division of marital property unless they are clearly erroneous. *Id.* Generally, the court's property valuations are not clearly erroneous if they are within the range of the evidence presented. *Kostelecky v. Kostelecky,* 2006 ND 120, ¶ 9, 714 N.W.2d 845.

[¶ 10]   Here, the court's valuation of the parties' business at $235,929 is within the valuation range provided by the testimony of the parties' experts. Considering the parties do not dispute the business is capable of generating net income in excess of $200,000 per year, the court's valuation seems reasonable, if not modest. However, the court explained that it chose not to place a higher valuation on the business by using an income valuation model, because the business enjoyed "most of its success from entrepreneurial activities of the owner-operator . . . not easily transferrable." The court explained it found no reason to

add value to the business taking into consideration the rental operations transferred to an outside business entity because "[t]he business and profitability of Panther Pressure Testers has increased significantly since [Kirk Wold] got out of the rental business." The court explained its award of slightly greater value to Kandas Wold than to Kirk Wold was justified, because Kirk Wold "engaged in more outrageous conduct," including "modification of business involvement without notice" to Kandas Wold.

[¶ 11] We are not left with a definite and firm conviction that a mistake has been made by the district court in valuing the marital property. We, therefore, conclude the district court's distribution of the marital estate is not clearly erroneous.

## III

### Spousal Support

[¶ 12] The district court awarded Kandas Wold spousal support of $3,000 per month for 20 years. Kirk Wold asserts the trial court's award of spousal support is clearly erroneous, because the evidence does not support a $3,000 per month award of permanent spousal support, rather than a lesser amount of rehabilitative spousal support.

[¶ 13] Under N.D.C.C. § 14–05–24.1, a district court in a divorce case may require one party to pay spousal support to the other for any period of time. The decision whether to award spousal support is a finding of fact and will not be set aside on appeal unless it is clearly erroneous. *Lorenz v. Lorenz*, 2007 ND 49, ¶ 31, 729 N.W.2d 692. Spousal support awards must be made in consideration of the requesting spouse's needs and the supporting spouse's needs and ability to pay. *Christianson v. Christianson*, 2003 ND 186, ¶ 17, 671 N.W.2d 801. It is not neces-

sary for the court to determine a spouse is disadvantaged by the divorce to award spousal support to that spouse. *Sack v. Sack*, 2006 ND 57, ¶ 12, 711 N.W.2d 157. Rather, the court must perform a comprehensive analysis under the *Ruff–Fischer* guidelines in determining the appropriateness of awarding support. *Id.*

[¶ 14] Permanent spousal support and rehabilitative spousal support are two distinct remedies. *Sommer v. Sommer*, 2001 ND 191, ¶ 14, 636 N.W.2d 423. Rehabilitative spousal support is appropriate when it is possible to restore a spouse to independent economic status or to equalize the burden of the divorce by increasing that spouse's earning capacity. *Id.* Permanent spousal support is generally appropriate when a spouse cannot be equitably rehabilitated to make up for the opportunities lost in the course of the marriage. *Id.* Even when a spouse is capable of rehabilitation, permanent spousal support may be an appropriate remedy to ensure the parties equitably share the overall reduction in their separate standards of living. *Id.*

[¶ 15] The district court explained its award of spousal support in its corrected findings of fact:

> This is a relatively long-term marriage. [Kirk Wold] has a proven capacity to earn in excess of $200,000 net per year. [Kandas Wold] has earning capacity of less than 10% of that from her labors.
>
> [Kirk Wold] can utilize pre-tax dollars for significant portions of his expenditures, both needed expenditures and discretionary.
>
> [Kandas Wold] has no reasonable capacity or expectation of rehabilitation to a level to allow a continuation of her standard of living without significant and continuing spousal support.

[Kirk Wold] has the capacity for continuation of his current lifestyle and payment of spousal support.

The property distribution in this case was intentionally designed to reduce the cost of living of [Kandas Wold] (home free and clear, potential income from shop, potential income from investments, no other debts).

Notwithstanding that distribution scheme, [Kandas Wold] would still be unable to maintain her pre-divorce standard of living. . . .

To accommodate that standard of living the Court finds that it is necessary to award spousal support from [Kirk Wold] to [Kandas Wold] in the sum of $3,000.00 per month.

[¶ 16] Property division and spousal support are interrelated and intertwined and often must be considered together. *Kostelecky v. Kostelecky*, 2006 ND 120, ¶ 14, 714 N.W.2d 845. Here, the district court considered the interrelated nature of the property division and the request for spousal support and also took into consideration Kandas Wold's needs for support and Kirk Wold's needs and ability to pay support.

[¶ 17] The court found the parties' 15–year marriage qualified as a "long-term marriage." At the time of trial, Kandas Wold was working as a bank teller earning about $15,000 per year. However, Kirk Wold was operating the Panther business with income expectations in excess of $200,000 per year. Recognizing the income disparity, the court determined that a spousal support award to Kandas Wold of $3,000 per month was justified to balance the economic burden created by the parties' separation. We conclude the court's findings of fact are supported by the record evidence and its spousal support award is not clearly erroneous.

## IV

## Spousal Support Security

[¶ 18] Kandas Wold asserts the district court erred in refusing to grant her request for some type of security to guarantee Kirk Wold will continue to pay spousal support during his lifetime and that support payments will continue in the event of Kirk Wold's death.

[¶ 19] Under N.D.C.C. § 14–05–25, a district court may require reasonable security for a maintenance obligation and may employ any remedy applicable to the case to enforce spousal support. *Gierke v. Gierke*, 1998 ND 100, ¶ 26, 578 N.W.2d 522. It is within the district court's discretion to order security for a spousal support obligation. *Id.* Kandas Wold has not persuaded us the district court abused its discretion in refusing to require Kirk Wold to provide security for payment of spousal support.

## V

## Attorney Fees

[¶ 20] Kandas Wold has requested attorney fees on appeal. Attorney fees may be awarded in a divorce action when one spouse has a need for them and the other spouse has an ability to pay. *Dvorak v. Dvorak*, 2005 ND 66, ¶ 32, 693 N.W.2d 646. The district court and this Court have concurrent jurisdiction to award attorney fees for an appeal in a divorce proceeding. *Ebach v. Ebach*, 2005 ND 123, ¶ 21, 700 N.W.2d 684. When attorney fees are requested on appeal, we often prefer to have the district court determine the appropriateness of awarding fees and remand to the district court for a decision on the issue. However, Kandas Wold requested attorney fees during the trial court proceedings, and the district court denied the request, explaining in its memorandum opinion:

[Kandas Wold's] counsel has requested additional attorney fees to be paid by [Kirk Wold]. Upon compliance with this Order, both parties should have sufficient liquidity to satisfy their respective counsel without undue hardship. [Kandas Wold] alleges that the bulk of the fees were occasioned by [Kirk Wold's] actions in changing attorneys, etc. The Court does not find that to be the case.

No additional fees or costs are awarded to either party.

Under the circumstances and in view of the district court's explanation for denying attorney fees at the trial proceedings, we deny Kandas Wold's request for attorney fees on appeal.

## VI

### Conclusion

[¶ 21] We hold the trial court's division of marital property and award of spousal support are not clearly erroneous. We further hold the trial court did not abuse its discretion in refusing to impose security for payment of spousal support, and we affirm the judgment.

[¶ 22] DONOVAN FOUGHTY, D.J., CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur. I concur in the result. DALE V. SANDSTROM.

[¶ 23] The Honorable DONOVAN JOHN FOUGHTY, D.J., sitting in place of CROTHERS, J., disqualified.