2010 ND 231

**Brett HUNT, Plaintiff and Appellee**

v.

**June HUNT, Defendant and Appellant.**

No. 20100178.

Supreme Court of North Dakota.

Dec. 2, 2010.

John J. Mahoney (argued), and Ann C. Mahoney (on brief), Center, ND, for plaintiff and appellee.

Scott A. Hager, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1]   June Hunt appealed from a divorce judgment awarding her 25% of her ex-husband's retirement accounts, but reducing her award by a restitution obligation owed to her ex-husband after being convicted of setting fire to his mobile home. We affirm, concluding the district court did not clearly err in its division of the retirement accounts.

## I.

[¶ 2]   June and Brett Hunt married in 1999 and had no children together. Brett Hunt filed for divorce in 2008. June and Brett Hunt entered into a partial stipulation for divorce decree, agreeing to the distribution of all their marital property except for two retirement accounts under Brett Hunt's name. One of the accounts was a 401(k) and the other was a pension through his employer. Because of the limited scope of their dispute—the equitable distribution of the retirement accounts— the parties did not file a N.D.R.Ct. 8.3 Property and Debt Listing. To determine an equitable distribution of the retirement accounts, the district court held a hearing,

and both parties testified about their relationship, their property, and the retirement accounts.

[¶ 3] At the time of trial, Brett Hunt was 56 years old and June Hunt was 49 years old. Brett Hunt has been employed with Basin Electric Cooperative since 1978 and is in good health. June Hunt was unemployed at the time of trial, but holds an associate's degree in computer technology. She has worked sporadically in this field and others, and hopes to seek employment in the home health field. June suffers from asthma, thyroid issues, and bipolar disorder. At trial, both parties admitted to infidelity, and both testified that they separated and reconciled numerous times throughout their marriage.

[¶ 4] During the marriage, June Hunt was convicted of arson after setting fire to Brett Hunt's mobile home. In that case, where the same district judge who heard the divorce case presided, she was ordered to pay $9000 in restitution to Brett Hunt. In a separate earlier incident, June Hunt also intentionally damaged one of Brett Hunt's vehicles.

[¶ 5] The district court awarded June Hunt 25% of the increased value of the retirement accounts since marriage, but the district court subtracted $9000 from June Hunt's award because of the restitution obligation she owed him as a result of the arson conviction.

## II.

[¶ 6] The parties dispute neither the increased value of the retirement accounts during marriage nor the characterization of the increased value of the accounts as marital assets subject to equitable division. Thus, the primary issue on appeal is whether the district court erred in dividing the retirement accounts. June Hunt argues her arson conviction is insufficient to justify the substantial disparity between her award of 25% of the increased value of the retirement accounts and Brett Hunt's award of 75%.

[¶ 7] A district court is required to make an equitable distribution of the divorcing parties' property. N.D.C.C. § 14–05–24(1). The *Ruff–Fischer* guidelines require the district court to consider the following factors in its equitable division of a marital estate:

> the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Marsden v. Koop*, 2010 ND 196, ¶ 43, 789 N.W.2d 531 (quoting *Ulsaker v. White*, 2009 ND 18, ¶ 9, 760 N.W.2d 82); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966).

[¶ 8] We apply the clearly erroneous standard of review to a trial court's division of marital property, which is considered a finding of fact. *Ulsaker v. White*, 2009 ND 18, ¶ 8, 760 N.W.2d 82. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing the entirety of the evidence, this Court is left with a definite and firm conviction a mistake has been made." *Lynnes v. Lynnes*, 2008 ND 71, ¶ 12, 747 N.W.2d 93. We view the evidence in the light most favorable to the findings, and the district court's findings of fact are presumptively correct. *Hitz v. Hitz*, 2008 ND 58, ¶ 10, 746 N.W.2d 732.

[¶ 9] June Hunt contends the $9000 restitution obligation stemming from the arson conviction should not justify a 25% drop in her share of the retirement accounts—from $196,979 to $98,489.50. Specifically, she contends that her share of the retirement accounts should not be "hit twice" as the result of a single instance of conduct—first as a criminal judgment, and second as a basis for reducing her property award. She also argues that the number of separations and reconciliations and the infidelity of both parties should not weigh in favor of a disparate award, and that her health issues and Brett Hunt's good health should weigh in favor of a more equal award.

■■ [¶ 10] It is the responsibility of the district court to determine what is an equitable division. N.D.C.C. § 14–05–24(1). We have repeatedly explained that a property division need not be equal to be equitable—especially where a marriage is not long-term—but that a substantial disparity must be explained. *E.g., Wagner v. Wagner,* 2007 ND 101, ¶¶ 10–11, 733 N.W.2d 593. A substantial disparity exists between the award of $295,468.50 to Brett Hunt and $98,489.50 to June Hunt. *See, e.g., Wetzel v. Wetzel,* 1999 ND 29, ¶¶ 14, 18, 589 N.W.2d 889. Here, after discussing the specific facts concerning each of the relevant *Ruff–Fischer* factors, the district court explained the disparity:

Based upon the circumstances of the marriage and the conduct of the parties, including the number of separations and reconciliations, the admitted infidelity by both parties, the respective health conditions of both parties, and June's conduct in intentionally damaging one of Brett's vehicles and breaking in and setting fire to his home, the Court determines that Brett should receive 75% of the amount of the increase in value of the 401–K and Pension plans which occurred during the

course of the marriage and June should receive 25% of the amount of the increase.

While the district court did not place specific weight on each of the factors it considered, "North Dakota law does not mandate a set formula or method to determine how marital property is to be divided; rather, the division is based on the particular circumstances of each case." *Wagner v. Wagner,* 2007 ND 101, ¶ 11, 733 N.W.2d 593 (quoting *Holden v. Holden,* 2007 ND 29, ¶ 10, 728 N.W.2d 312).

[¶ 11] The district court heard testimony regarding June Hunt's arson and the damage she inflicted on Brett Hunt's vehicle. Damaging Brett Hunt's vehicle and setting fire to his mobile home, regardless of the amount of monetary damage, is serious misconduct the district court can and should consider in an equitable division of property. *See, e.g., Paulson v. Paulson,* 2010 ND 100, ¶ 16, 783 N.W.2d 262 ("A party's dissipation of marital assets is a particularly relevant factor in arriving at an equitable distribution of the property."). The district court also heard testimony regarding the sporadic nine-year marriage, including the fact they each maintained separate residences. It is also appropriate for the district court to rely on these marital circumstances. *See Dronen v. Dronen,* 2009 ND 70, ¶ 35, 764 N.W.2d 675 (quoting the *Ruff–Fischer* guidelines, including consideration of the circumstances of the parties). Furthermore, "the duration of the marriage is only one of the *Ruff–Fischer* guidelines to be considered." *Ulsaker v. White,* 2009 ND 18, ¶ 12, 760 N.W.2d 82; *see also Hitz v. Hitz,* 2008 ND 58, ¶ 16, 746 N.W.2d 732 ("[I]t would not be clear error to class the [ten-year] marriage as relatively short-term.").

[¶ 12] The district court considered the relevant circumstances of the parties and sufficiently explained its division of the

retirement accounts. The district court's division of the retirement accounts was not clearly erroneous.

## III.

[¶ 13] June Hunt argues her $9000 restitution obligation to Brett Hunt is a marital asset subject to the terms of their stipulation and that a reduction in her share of the 401(k) plan is inconsistent with that stipulation. Brett Hunt responds that the district court's $9000 offset of June Hunt's award is simply a method of timely payment of June Hunt's restitution obligation.

[¶ 14] The record supports the district court's consideration of the offset as a method of payment of the restitution order. In the district court's memorandum and order, it explained June Hunt's restitution obligation "should be deducted from the amount of the benefits awarded to June." The characterization of the offset as a method of payment is also consistent with the district court's order for judgment, where the district court subtracted the restitution obligation from her award of the 401(k). The district court's offset of the property division as a timely method of payment is not clearly erroneous.

## IV.

[¶ 15] The district court's division of the retirement accounts is supported by evidence of the parties' relationship and compelling evidence of June Hunt's misconduct. The district court did not err in offsetting June Hunt's award as a timely method of payment. We affirm the judgment of the district court.

[¶ 16] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.