2016 ND 81

**Nathan LANGWALD, Plaintiff and Appellee**

v.

**Patricia Lee LANGWALD, Defendant and Appellant.**

**No. 20150222.**

Supreme Court of North Dakota.

April 15, 2016.

---

Thomas J. Corcoran, Williston, ND, for plaintiff and appellee.

H. Malcolm Pippin, Williston, ND, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Patricia Langwald appeals from a divorce judgment distributing the parties' marital property and awarding child support. She argues the district court incorrectly valued and distributed the marital property. She also argues the district court incorrectly calculated child support. We affirm the judgment of the district court regarding the property valuation and distribution, and reverse and remand for the district court to properly calculate child support.

I

[¶ 2] Nathan and Patricia Langwald were married in 1994 and have three children. Before their marriage, he purchased farming property from his parents through a contract for deed. During their marriage, he worked on the family farms while she was the primary caregiver for the children. She was also involved in the farming operations by assisting with payroll, paying bills, and keeping books for the business. In 2011, Nathan Langwald was in a motorcycle accident and suffered a traumatic brain injury requiring several months in hospitals and rehabilitation centers. For a period following the accident, he was unable to farm. Patricia Langwald continued to care for the children, the rental properties, and the farm and business operations. She also obtained his power of attorney following the accident. In 2012, she rented the entirety of the "contract for deed" farmland for approximately $47,000 per year. In 2013, Nathan Langwald began taking back some of the farmland to farm himself and cash rented the balance.

[¶ 3] Patricia Langwald initially sued her husband for divorce in Montana. Discussion between the parties led to her dismissing the Montana divorce action because the bulk of the marital estate was in North Dakota. He then sued her for divorce in North Dakota. At the 2015 trial, Nathan Langwald called Justin Jones as an expert witness to testify to the value of the parties' real property. Betty McGuire was Patricia Langwald's expert witness to the same. After trial, the district court awarded $1,231,919.51 in marital assets to him and $776,429.47 in marital assets to her and ordered him to pay $100,000 in equalization payments. The court gave her primary residential responsibility of the three children of the marriage and ordered him to pay child support.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 5] Patricia Langwald argues the district court's property valuation was clearly erroneous. She argues the district court did not give appropriate weight to

the testimony of her real estate valuation expert, Betty McGuire.

[¶ 6] "A district court's valuation of property is a finding of fact, subject to the clearly erroneous standard of review." *Kostelecky v. Kostelecky*, 2006 ND 120, ¶ 8, 714 N.W.2d 845.

> The value a trial court places on marital property depends on the evidence presented by the parties. Because a trial court is in a far better position than an appellate court to observe demeanor and credibility of witnesses, we presume a trial court's property valuations are correct. We will not reverse a trial court's findings on valuation and division of marital property unless they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made. A choice between two permissible views of the evidence is not clearly erroneous if the trial court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations.

*Id.* (quoting *Olson v. Olson*, 2002 ND 30, ¶ 7, 639 N.W.2d 701) (citations and quotation marks omitted). "A district court's marital property valuations are not clearly erroneous if they are within the range of the evidence presented." *Id.* at ¶ 9.

[¶ 7] Here the district court had to decide between the parties' competing real estate valuation experts. The district court found Jones' testimony to be more credible and persuasive because he took into consideration the type of irrigation system on the property and his valuation was more recent. We have held "the district court is in a better position than this

Court to judge the credibility and observe the demeanor of witnesses and to determine property values." *Kostelecky*, 2006 ND 120, ¶ 9, 714 N.W.2d 845. Although Patricia Langwald argues her expert had many more years of experience and had updated her figures within days of the trial, the district court's findings on the value of the real estate were within the range of the evidence presented by the parties, and the court gave the testimony of Nathan Langwald's expert more weight. We will not reweigh the evidence or judge the credibility of witnesses. We are not left with a definite and firm conviction a mistake has been made, and the district court's valuation of the marital property was not clearly erroneous.

### III

[¶ 8] Patricia Langwald also argues the district court's property distribution was clearly erroneous. She argues the court improperly awarded Nathan Langwald a substantially higher share of the marital assets and failed to explain the disparity.

[¶ 9] A district court's distribution of marital property is treated as a finding of fact, which this Court reviews under the clearly erroneous standard of review. *Hoverson v. Hoverson*, 2013 ND 48, ¶ 8, 828 N.W.2d 510 (citing *Wold v. Wold*, 2008 ND 14, ¶ 6, 744 N.W.2d 541). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made." *Hoverson*, at ¶ 8 (citation omitted). "This Court views the evidence in the light most favorable to the findings, and the district court's findings of fact are presumptively correct." *Hitz v. Hitz*, 2008 ND 58, ¶ 10, 746 N.W.2d 732 (citations omitted).

[¶ 10] A district court is required to make an equitable distribution of all the divorcing parties' marital property and debts. N.D.C.C. § 14–05–24(1). "All property held by either party, whether held jointly or individually, is considered marital property, and the court must determine the total value of the marital property before making an equitable distribution." *Hoverson v. Hoverson*, 2013 ND 48, ¶ 9, 828 N.W.2d 510 (citing *Ulsaker v. White*, 2006 ND 133, ¶¶ 12–13, 717 N.W.2d 567). Marital property ordinarily is valued as of the date of trial. *Grinaker v. Grinaker*, 553 N.W.2d 204, 208–09 (N.D.1996). After the court values the property, it must then equitably divide the entire marital estate under the *Ruff–Fischer* guidelines, which require the court to consider the following factors in the division:

> The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Ulsaker v. White*, 2006 ND 133, ¶ 10, 717 N.W.2d 567 (quoting *Horner v. Horner*, 2004 ND 165, ¶ 9, 686 N.W.2d 131); *see Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952).

[¶ 11] "Our law does not require a set formula or method for dividing marital property; rather, the division is based on the particular circumstances of each case." *Hoverson*, 2013 ND 48, ¶ 10, 828 N.W.2d 510. A property division need not be equal to be equitable, but a substantial disparity must be explained. *Bladow v. Bladow*, 2003 ND 123, ¶ 5, 665 N.W.2d 724.

[¶ 12] Here the district court awarded Nathan Langwald $1,231,919.51 of the marital assets and Patricia Langwald $776,429.47. Of the total marital estate valued at $2,008,348.98, Nathan Langwald was awarded approximately 61% of the marital assets and Patricia Langwald approximately 39%, leaving a 22% disparity in the property division. The court, however, also awarded Patricia Langwald a $100,000 property distribution payment, bringing the disparity in the property division to approximately 12%. While this is a disparity in the property division, the district court adequately explained its reasoning.

[¶ 13] In reaching its decision, the district court considered the factors in the *Ruff–Fischer* guidelines and made specific findings under the factors it deemed relevant. The court found the parties' marriage of twenty years to be a long-term marriage. The court found the parties have roughly the same earning ability, although Patricia Langwald likely has greater earning ability, considering her college attendance and health. The court also found that she was managing the rental properties, raising the children, and attending college, all without requiring her to work outside the home. The court found that while she spent a great deal of time nursing Nathan Langwald back to health after his accident, "her conduct leading up to and during separation is concerning." The court went on to state:

> She took money from joint accounts and at least a portion of husband's disability check. She kept all the income from the rental properties. She does not appear to have any concerns with having prohibited him from having access to a great deal of their liquid assets during the two years they have been separated.

The court also found "[h]usband currently lives with his mother and is attempting to re-enter the farming profession. Farming is the only life husband has ever really known." Because of this, and in conjunction with the fact that much of the farming property had been in Nathan Langwald's family for many years, the court awarded all of the farming property and equipment to him. In return, Patricia Langwald was awarded the rental property and a property distribution payment of $100,000. In addition, Patricia Langwald was awarded a majority of the parties' liquid funds. She was awarded $224,931.47 in liquid funds, while he was awarded $5,989.45. The district court also assigned 100% of the marital debt to him, totaling $296,473.34. In sum, while Patricia Langwald received 12% less of the property distribution than Nathan, she was awarded all of the parties' current income-producing rental property, zero debt, and a substantial majority of their liquid assets.

[¶ 14] To explain the disparity in the property distribution, the district court stated:

> As the Court noted, although the property distribution is not equal, the Court finds it is equitable. Husband has been awarded all of the parties' debt. Wife has income producing property and no debt. A substantial portion of the parties' marital estate came from Husband's family. Husband desires to continue farming. Wife is awarded a property distribution payment. If husband cannot afford to farm and make the payment, he will have to make the tough choices that wife proposed the Court order as alternative distributions.

Although a substantial disparity exists between the property awarded to the parties, the district court sufficiently explained its reasoning for distributing the property as it did. The court considered all of the facts of the case against the *Ruff–Fischer* guidelines, and the district court's property division under the guidelines was not clearly erroneous.

## IV

[¶ 15] Patricia Langwald also argues the district court's child support calculation is clearly erroneous. She argues the district court should have imputed Nathan Langwald's income at a higher amount based on the earning capacity of the farming property when it is rented out. She also argues the court did not adequately explain its calculations of his net income.

[¶ 16] "Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review." *Buchholz v. Buchholz,* 1999 ND 36, ¶ 11, 590 N.W.2d 215. "If the district court fails to comply with the child support guidelines in determining an obligor's child support obligation, the court errs as a matter of law." *Verhey v. McKenzie,* 2009 ND 35, ¶ 5, 763 N.W.2d 113. Under the guidelines:

> Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income. Where gross income is subject to fluctuation, regardless of whether the obligor is employed or self-employed, information reflecting and covering a period of time sufficient to reveal the likely extent of fluctuations must be provided.

N.D. Admin. Code § 75–02–04.1–02(7). Under N.D. Admin. Code § 75–02–04.1–05(4) regarding net income from self-employment:

Self-employment activities may experience significant changes in production and income over time. To the extent that information is reasonably available, the average of the most recent five years of each self-employment activity, if undertaken on a substantially similar scale, must be used to determine self-employment income. When self-employment activity has not been operated on a substantially similar scale for five years, a shorter period may be used.

Similarly, the guidelines also state:

Calculations made under this chapter are ordinarily based upon recent past circumstances because past circumstances are typically a reliable indicator of future circumstances, particularly circumstances concerning income. If circumstances that materially affect the child support obligation have changed in the recent past or are very likely to change in the near future, consideration may be given to the new or likely future circumstances.

N.D. Admin. Code § 75–02–04.1–02(8). "While parents have a duty to support their children to the best of their abilities, the guidelines in N.D. Admin. Code § 75–02–04.1–02(8) provide the district court with discretion to consider the true state of the parties' financial circumstances when evidence of past income is not a reliable indicator of future earnings and to determine the obligor's ability to support his child accordingly." *State ex rel. K.B. v. Bauer*, 2009 ND 45, ¶ 15, 763 N.W.2d 462. While a district court has some discretion in its calculation of net income, "[e]ach child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined." N.D. Admin. Code § 75–02–04.1–02(10).

[¶ 17] Here the district court ordered Nathan Langwald to pay $699 per month in child support based on his annual income of $28,536. The court made this finding on the basis of the parties' proposed child support calculations. The court found Nathan Langwald's calculations were more accurate, and adopted them for its calculation. There is nothing in the district court's judgment, however, suggesting the court ever made any findings regarding how Nathan Langwald's income was calculated. Instead, after briefly introducing the matter, the judgment simply states, "Pursuant to North Dakota Child Support Guidelines, based on Father's annual income of $28,536.00 his child support obligation is $699.00 per month for child support for three minor children." There is nothing reflecting how the court calculated his net income based on past earnings or which past earnings it was excluding from its calculation for net income and why.

[¶ 18] A district court's failure to provide sufficient detail regarding its net income calculation in determining the child support obligation is reversible error. *See Pember v. Shapiro*, 2011 ND 31, ¶ 35, 794 N.W.2d 435; *Berge v. Berge*, 2006 ND 46, ¶ 8, 710 N.W.2d 417; *Buchholz*, 1999 ND 36, ¶ 12, 590 N.W.2d 215; *Wolf v. Wolf*, 557 N.W.2d 742, 744 (N.D. 1996). "A proper finding of net income is *essential* to a determination of the correct amount of child support under the guidelines." *Schleicher v. Schleicher*, 551 N.W.2d 766, 769 (N.D.1996) (emphasis added). "Even when the court uses vague figures based on adequate evidence introduced in court, there is insufficient detail to support the calculation, and we will reverse." *Krueger v. Krueger*, 2011 ND 134, ¶ 22, 800 N.W.2d 296. "Under the child support guidelines, each child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how

that net income was determined." *Entzie v. Entzie*, 2010 ND 194, ¶ 6, 789 N.W.2d 550 (quotation marks and citation omitted).

[¶ 19] Here the district court's findings were insufficient regarding Nathan Langwald's net income and child support obligation. The court suggested his annual income is $28,536 without giving any explanation of how it arrived at that amount. The district court's order cannot be sustained in the absence of specific findings regarding net income and child support. *See* N.D. Admin. Code § 75–02–04.1–02(10); *Krueger*, 2011 ND 134, ¶ 24, 800 N.W.2d 296. We reverse and remand for the district court to properly calculate Nathan Langwald's net income in sufficient detail to support its child support calculation.

## V

[¶ 20] We affirm the district court judgment regarding the property valuation and distribution. We reverse the district court judgment regarding child support and remand for recalculation.

[¶ 21] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, LISA FAIR McEVERS, JJ., and GARY H. LEE, D.J., concur.

[¶ 22] The Honorable GARY H. LEE, District Judge, sitting in place of CROTHERS, J., disqualified.