Jack WAGNER, Plaintiff and Appellant,

v.

David PETERSON, Defendant and Appellee.

Civ. No. 880038.

Supreme Court of North Dakota.

Oct. 18, 1988.

Kelsch, Kelsch, Ruff & Austin, Mandan, for plaintiff and appellant; argued by Timothy J. Austin.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendant and appellee; argued by Thomas O. Smith.

LEVINE, Justice.

In this appeal from an order denying a new trial, Jack Wagner contends that the jury verdict was not supported by the evidence. We hold that the jury's verdict was supported by sufficient evidence, and affirm the order of the district court on this issue pursuant to Rule 35.1(a)(3), North Dakota Rules of Appellate Procedure.

Wagner also argues that the trial court abused its discretion in excluding certain testimony of the investigating police officer. Because we are unable to properly review the issue of the excluded testimony, we affirm the order of the trial court.

■ This action arises from personal injuries sustained by Wagner in a motor vehicle accident. Wagner sued the other driver, David Peterson, and the jury decided in Peterson's favor. At trial, the court excluded the investigating police officer's expert testimony as a sanction for Wag-ner's failure to disclose the officer as an expert in response to Peterson's interrogatory.

■ When an issue is raised as to the propriety of a discovery sanction for the failure to adequately respond or supplement interrogatories, we apply an abuse of discretion standard of review. *Benedict v. St. Luke's Hospitals*, 365 N.W.2d 499, 503–04 (N.D.1985); *see* 8 Wright & Miller, Federal Practice and Procedure: Civil § 2050 at 325–26 (1970). However, where the chosen sanction is the exclusion of evidence, there must also be a demonstration of prejudice from the court's refusal to allow the evidence. *Hopkins v. McBane*, 427 N.W. 2d 85, 87–88 (N.D.1988); *Fargo v. Candor Construction*, 260 N.W.2d 8, 10 (N.D. 1977); *Thomas v. Wyrick*, 687 F.2d 235, 239 (8th Cir.1982), *cert. denied* 459 U.S. 1175, 103 S.Ct. 824, 74 L.Ed.2d 1020 (1983). Thus, even if the trial court was wrong in excluding the police officer's testimony, an issue we need not and do not decide, it was Wagner's burden to show the resultant prejudice to him by making known to the trial court the substance of the evidence.

Rule 103(a)(2) of the North Dakota Rules of Evidence provides in pertinent part:

"(a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

. . . . .

"(2) *Offer of Proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

Wagner did not make an offer of proof pursuant to NDREv 103(a)(2). No offer of proof is needed, however, if the substance of the evidence was apparent from the context within which questions were asked. NDREv 103(a)(2). The language of 103(a)(2) may excuse the failure to make an offer of proof if the question was in proper form on its face and was framed as to clearly admit an answer favorable to the

claim or defense of the party producing him. *See* 1 Weinstein & Berger, Weinstein's Evidence § 103[03] at 40–41 (1988) [quoting *Buckstaff v. Russell*, 151 U.S. 626, 14 S.Ct. 448, 38 L.Ed. 292 (1894)].

 At trial, Wagner's counsel asked the investigating police officer questions concerning his qualifications as an expert in accident reconstruction. In chambers, a discussion took place in which the Judge asked what questions counsel would ask of the officer and what the officer's opinions would be. In response, Wagner indicated that the police officer would give his opinion as to how the accident happened, but Wagner did not provide the substance of the officer's opinion. The substance of the excluded evidence is not apparent from the context within which the questions were asked and we cannot speculate as to the nature of the evidence. *See Candor Construction, supra* at 10. *Compare State v. Flohr*, 301 N.W.2d 367, 373 (N.D.1980) (trial court refused to allow offer of proof and in review, this court would not speculate as to the nature of the evidence). There is thus no record by which Wagner's claim of error can be evaluated.

 Rule 103(a)(2), NDREv, clearly requires the parties to create a record which will permit informed appellate review. NDREv 103(a)(2), Explanatory Note; *see Gorsuch v. Gorsuch*, 392 N.W.2d 392, 394 (N.D.1986). *See generally Signal Drilling Co. v. Liberty Petroleum Co.*, 226 N.W.2d 148 (N.D.1975). This court has recognized the necessity of an offer of proof in order to review a trial court's exclusion of evidence. *Matter of Estate of Kjorvestad*, 375 N.W.2d 160, 167 (N.D.1985); *Halverson v. Pet, Inc.*, 261 N.W.2d 887, 894 (N.D. 1978); *Cargill, Inc. v. Kavanaugh*, 228 N.W.2d 133, 141 (N.D.1975). Without an offer of proof, we are unable to determine if the exclusion of testimony was prejudicial to the appellant. *See Thomas v. Wyrick, supra* (court excluded witnesses as sanction for noncompliance with pretrial discovery order and the failure to make offer of proof prevented appellate court from assessing prejudice caused by the exclusion).

Accordingly, we affirm the order denying a new trial.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.