Jensen, Justice.
 

 [¶1] Ricky Berg appeals from a district court judgment dividing his and Darcy Berg's marital estate and awarding Darcy Berg spousal support. We affirm the district court's judgment.
 

 I
 

 [¶2] Ricky and Darcy Berg married in 1984 and separated in January 2016. The district court held a trial in June 2017 to determine the distribution of marital property and spousal support. At trial, both parties testified about their marital property, marital debts, income, and expenses. Ricky Berg was represented by counsel, and Darcy Berg represented herself at trial.
 

 [¶3] Ricky Berg was 54 years old and Darcy Berg was 52 years old at the time of the trial. The parties were married for 32 years. In considering the
 
 Ruff
 

 -
 

 Fischer
 
 factors, the district court concluded Ricky Berg had a higher earning ability than Darcy Berg, who said she was unable to work because of anxiety, depression, alcoholism, and chronic pain issues. The district court concluded Darcy Berg was capable of gainful employment, but would continue to earn significantly less than Ricky Berg. Before the divorce, Ricky Berg was laid off from a job he held for 27 years, but he recently obtained his real estate license. Ricky Berg testified he would be able to make an income from selling real estate. The district court made extensive findings about the conduct of the parties during the marriage, including Darcy Berg's alcoholism, both parties' infidelity, and Darcy Berg's economic waste. The district court concluded the couple accumulated large amounts of debt, but they also acquired significant assets due to Ricky Berg's real estate knowledge. The district court determined Darcy Berg's alcoholism
 
 *708
 
 and spending supported a "somewhat greater distribution of their net worth to Ricky."
 

 [¶4] The district court divided the marital property and awarded marital assets in the amount of $507,336 to Ricky Berg and $327,794 to Darcy Berg. The district court allocated a majority of the marital debts in the amount of $187,704 to Ricky Berg and a minority of the debts in the amount of $43,185 were allocated to Darcy Berg. In total, Ricky Berg was awarded $319,632 and Darcy Berg was awarded $284,609. Relating to the asset division, the district court awarded the marital home in Grand Forks, the lake home, and two rental properties in Florida to Ricky Berg. Darcy Berg was awarded one rental property in Grand Forks and two rental properties in Florida. The district court also awarded Darcy Berg spousal support of $1,000 per month for 16 years.
 

 II
 

 [¶5] On appeal, Ricky Berg argues the district court erred in the distribution of the marital property and the award of spousal support. Ricky Berg argues the district court determined he was entitled to a somewhat greater distribution of the parties' net worth, but the property division did not reflect that finding. He also argues the district court erred in the amount of the spousal support award to Darcy Berg. Ricky Berg argues that in combination with the spousal support award, the property division is inequitable.
 

 [¶6] This Court will not reverse the district court's decision related to both property distribution and spousal support unless the findings are clearly erroneous.
 
 Thompson v. Thompson
 
 ,
 
 2018 ND 21
 
 , ¶ 29,
 
 905 N.W.2d 772
 
 ;
 
 Ulsaker v. White
 
 ,
 
 2009 ND 18
 
 , ¶ 8,
 
 760 N.W.2d 82
 
 .
 

 A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support a finding, or if, although there is some evidence to support it, on the entire evidence, we are left with a firm conviction a mistake has been made.
 

 Thompson
 
 , at ¶ 29.
 

 A
 

 [¶7] Ricky Berg argues he should have been awarded a greater amount of marital property because of Darcy Berg's economic waste. This Court has held:
 

 Section 14-05-24(1), N.D.C.C., requires the district court to make an equitable distribution of the property of the divorcing parties. ...
 

 "We have said that a property division need not be equal to be equitable, but a substantial disparity must be explained."
 
 Dvorak v. Dvorak
 
 ,
 
 2006 ND 171
 
 , ¶ 19,
 
 719 N.W.2d 362
 
 (citing
 
 Amsbaugh v. Amsbaugh
 
 ,
 
 2004 ND 11
 
 , ¶ 23,
 
 673 N.W.2d 601
 
 ). "[A] trial court must start with a presumption that all property held by either party whether held jointly or individually is to be considered marital property. The trial court must then determine the total value of the marital estate in order to make an equitable division of property."
 
 Hitz v. Hitz
 
 ,
 
 2008 ND 58
 
 , ¶ 11,
 
 746 N.W.2d 732
 
 (quoting
 
 Ulsaker
 
 [
 
 v. White
 
 ],
 
 2006 ND 133
 
 , ¶ 13,
 
 717 N.W.2d 567
 
 ). When the court distributes the marital estate, it must consider the
 
 Ruff
 

 -
 

 Fischer
 
 guidelines.
 
 Wagner v. Wagner
 
 ,
 
 2007 ND 101
 
 , ¶ 9,
 
 733 N.W.2d 593
 
 ;
 
 Fischer v. Fischer,
 

 139 N.W.2d 845
 
 (N.D. 1966) ;
 
 Ruff v. Ruff
 
 ,
 
 78 N.D. 775
 
 ,
 
 52 N.W.2d 107
 
 (1952). The
 
 Ruff
 

 -
 

 Fischer
 
 guidelines require the court to consider:
 

 "the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities
 
 *709
 
 of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material. The trial court is not required to make specific findings, but it must specify a rationale for its determination."
 

 Hitz
 
 , at ¶ 11 (quoting
 
 Bladow v. Bladow
 
 ,
 
 2003 ND 123
 
 , ¶ 7,
 
 665 N.W.2d 724
 
 ). "The district court is not required to make specific findings on each
 
 Ruff
 

 -
 

 Fischer
 
 factor, but must explain the rationale for its decision."
 
 Wagner
 
 , at ¶ 10.
 

 Ulsaker
 
 ,
 
 2009 ND 18
 
 , ¶¶ 8-9,
 
 760 N.W.2d 82
 
 .
 

 [¶8] Ricky Berg argues the property division was in appropriate because the division did not reflect the district court's finding that he was entitled to a somewhat greater distribution of the marital property. The district court determined the value of the marital estate, made specific findings based on the
 
 Ruff
 

 -
 

 Fischer
 
 factors, and explained the reason for the disparity in the property division. Ricky Berg received a net property award valued at approximately $35,000 more than the net property awarded to Darcy Berg. The district court adequately explained its findings based on the
 
 Ruff
 

 -
 

 Fischer
 
 guidelines and followed those findings in distributing a "somewhat greater" amount of the marital property to Ricky Berg. The district court's distribution of the marital estate was not clearly erroneous.
 

 B
 

 [¶9] Ricky Berg argues the district court did not consider his ability to pay and Darcy Berg's need for support in its determination of spousal support. When reviewing awards of spousal support, this Court has held:
 

 "Under N.D.C.C. § 14-05-24.1, a [district] court in a divorce case may require one party to pay spousal support to the other party for any period of time."
 
 Pearson v. Pearson
 
 ,
 
 2009 ND 154
 
 , ¶ 5,
 
 771 N.W.2d 288
 
 (internal citations and quotations omitted).... [T]his Court will not reverse the district court merely because it may have viewed the evidence differently.
 

 The district court must make spousal support awards in consideration of the needs of the spouse seeking support and of the supporting spouse's needs and ability to pay.
 
 Overland v. Overland
 
 ,
 
 2008 ND 6
 
 , ¶ 16,
 
 744 N.W.2d 67
 
 . Additionally, the district court must consider the relevant factors under the
 
 Ruff
 

 -
 

 Fischer
 
 guidelines in determining an award of spousal support.
 
 Pearson
 
 ,
 
 2009 ND 154
 
 , ¶ 6,
 
 771 N.W.2d 288
 
 .... "[T]he district court is not required to make specific findings on each factor, provided we can determine the reasons for the court's decision."
 
 Krueger v. Krueger
 
 ,
 
 2008 ND 90
 
 , ¶ 8,
 
 748 N.W.2d 671
 
 .
 

 "Rehabilitative spousal support is awarded to equalize the burdens of divorce or to restore an economically disadvantaged spouse to independent status by providing a disadvantaged spouse an opportunity to acquire an education, training, work skills, or experience to become self-supporting."
 
 Williams v. Williams
 
 ,
 
 2015 ND 129
 
 , ¶ 10,
 
 863 N.W.2d 508
 
 (citation omitted). "Property division and spousal support are interrelated and intertwined and often must be considered together."
 
 Kostelecky v. Kostelecky
 
 ,
 
 2006 ND 120
 
 , ¶ 14,
 
 714 N.W.2d 845
 
 .
 

 Thompson
 
 ,
 
 2018 ND 21
 
 , ¶¶ 29-31,
 
 905 N.W.2d 772
 
 (citation omitted).
 

 *710
 
 [¶10] The district court did not clearly err by awarding spousal support. The district court made extensive findings under the
 
 Ruff
 

 -
 

 Fischer
 
 guidelines. Relating to spousal support, the district court concluded as follows:
 

 In determining the amount of spousal support in this case, the Court took into consideration (1) the duration of the marriage, (2) the large amount of consumer debt incurred by the parties which must be paid, (3) that, given their respective earning history, Darcy likely will continue to earn significantly less than Ricky, (4) the remaining years of work life for each party, (5) that the order herein for assigning certain expenses to Darcy herself, such as telephone, health and car insurance, and the allocation of property and debts herein, all relieve Ricky of some of his claimed monthly expenses and place them upon Darcy, (6) that Ricky has the earning potential from three rental properties in Florida and Darcy has the earning from two rental properties in Florida and the Grand Forks, ND rental property, and (7) that while Ricky is assigned a slightly larger portion of the parties' marital assets, he also is assigned a greater percentage of the marital debts.
 

 [¶11] The district court did not explicitly quantify Darcy Berg's need for spousal support and Ricky Berg's ability to pay, but the findings indicate the district court considered their monthly expenses and the property division amounts in awarding spousal support. The district court is not required to complete a calculation to ensure each party's assets, debts, and expenses are accounted for in determining spousal support; however, a clear description of the financial situation of each party is helpful for this Court in understanding the district court's rationale in awarding spousal support.
 
 See
 

 Ulsaker
 
 ,
 
 2009 ND 18
 
 , ¶ 9,
 
 760 N.W.2d 82
 
 . There is evidence in the record to support the findings above, except regarding the amount of rental properties. The district court erred in noting Ricky Berg had rental income from three Florida rental properties because he was awarded only two rental properties in Florida. However, the district court's mistake does not amount to clear error in awarding spousal support.
 

 [¶12] Ricky Berg argues his monthly income is not adequate to pay his expenses, making the spousal support award clearly erroneous. "An award amount is clearly erroneous where the amount unduly burdens the payor spouse by leaving the spouse in a nearly impossible financial position."
 
 Stock v. Stock
 
 ,
 
 2016 ND 1
 
 , ¶ 18,
 
 873 N.W.2d 38
 
 . Ricky Berg does not acknowledge any income aside from the income-producing properties he was awarded, and he notes that his commission on real estate sales is variable. When Ricky Berg testified at trial, he offered to take the majority of the marital debts because Darcy Berg did not have the means to pay those debts, and said:
 

 I've got the ability to-I'll make more income. I'm just getting going in this real estate business, and it's not that great right now, but I have the ability to make income. I'm willing to and I'm able to, and I don't think Darcy is either of those; so I'm willing to take that.
 

 The evidence supports a finding that Ricky Berg was able to pay spousal support. Over 16 years, Ricky Berg says he would be required to pay Darcy Berg $192,000 in spousal support, which he argues negates any increase he received in the property distribution based on her economic waste. The district court noted Ricky Berg's expenses were much higher than Darcy Berg's expenses. However, after the divorce judgment, Darcy Berg was responsible for more of her own expenses including
 
 *711
 
 one of the mortgage payments. Further, as noted above, Ricky Berg was awarded more of the marital property and had a higher earning ability. The award of spousal support does not leave Ricky Berg in an impossible financial situation. Although the district court did not specifically state Ricky Berg's ability to pay or the specific amount of Darcy Berg's need, it did not clearly err in dividing the property or awarding spousal support. The district court's judgment is supported by the evidence, and we are not left with a definite and firm conviction a mistake has been made.
 

 [¶13] Darcy Berg also requested "costs" for this appeal in the amount of $10,000, which we interpret as a request for attorney fees on appeal. We have previously noted the following regarding an award of attorney fees:
 

 Attorney fees may be awarded in a divorce action when one spouse has a need for them and the other spouse has an ability to pay.
 
 Dvorak v. Dvorak
 
 ,
 
 2005 ND 66
 
 , ¶ 32,
 
 693 N.W.2d 646
 
 . The district court and this Court have concurrent jurisdiction to award attorney fees for an appeal in a divorce proceeding.
 
 Ebach v. Ebach
 
 ,
 
 2005 ND 123
 
 , ¶ 21,
 
 700 N.W.2d 684
 
 . When attorney fees are requested on appeal, we often prefer to have the district court determine the appropriateness of awarding fees and remand to the district court for a decision on the issue.
 

 Wold v. Wold
 
 ,
 
 2008 ND 14
 
 , ¶ 20,
 
 744 N.W.2d 541
 
 . In
 
 Wold
 
 , the district court found the parties were able to pay their own fees and denied a request for attorney fees.
 

 Id.
 

 Under those circumstances and in view of the district court's explanation of its denial of attorney fees, this Court also denied the request for attorney fees on appeal.
 

 Id.
 

 Here, as in
 
 Wold
 
 , the district court considered Darcy Berg and Ricky Berg's need and ability to pay in awarding spousal support, and it ordered each party to be responsible for his or her own attorney fees and costs. Under the circumstances, we deny Darcy Berg's request for attorney fees on appeal. Costs on appeal are taxed against Ricky Berg consistent with and pursuant to N.D.R.App.P. 39.
 

 III
 

 [¶14] We affirm the district court's judgment dividing Ricky and Darcy Berg's marital estate and awarding Darcy Berg spousal support.
 

 [¶15] Jon J. Jensen
 

 Lisa Fair McEvers
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.
 

 I concur in the result.
 

 Daniel J. Crothers