# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 25

Roy Swanson, Sr.,                                    Plaintiff and Appellee

v.

Gaye Swanson,                                    Defendant and Appellant

No. 20180158

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Jonathan T. Garaas, Fargo, ND, for plaintiff and appellee.

Ward K. Johnson III, Grand Forks, ND, for defendant and appellant.

**VandeWalle, Chief Justice.**

[¶1]    Gaye Swanson appealed a judgment dividing marital property between her and her former husband, Roy Swanson. We conclude the district court's findings on division of property are not clearly erroneous. We affirm the judgment.

I

[¶2]    Gaye and Roy Swanson were married in 1969. The couple began living separately in August 2006 and in August 2016, Roy Swanson filed for divorce. After a three day trial, the district court granted the divorce based on irreconcilable differences under N.D.C.C. § 14-05-03. In considering the *Ruff-Fischer* guidelines, the district court weighed evidence regarding each party's fault and concluded neither party's fault would influence the property distribution.

[¶3]    The district court divided the marital property and awarded Roy Swanson approximately sixty-five (65) percent and Gaye Swanson thirty-five (35) percent of the marital estate. Included in Roy Swanson's property distribution was the couple's farmland inherited from his mother, the family's seed business, and nearly $1.8 million in debt. Gaye Swanson was awarded over $370,000 worth of property, various personal and farm assets, a life insurance policy on Roy Swanson's life, and approximately $11,000 in personal debt. Included in Gaye Swanson's distribution was property she claimed was owned by her sons and a 2007 Hummer, valued at $10,000, Gaye Swanson claims to have owned with her son. Additionally, the court ordered Roy Swanson to pay $1,000 per month in spousal support for five years.

II

[¶4]    On appeal, Gaye Swanson contends the district court erred by inequitably dividing the marital estate, by not considering Roy Swanson's fault in the

deterioration of the marriage and the parties' finances, and in finding that she, rather than her children, owned property included in the marital estate.

[¶5] This Court will not reverse the district court's decision related to property distribution unless the findings are clearly erroneous. *Berg v. Berg*, 2018 ND 79, ¶ 6, 908 N.W.2d 705. "A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support a finding, or if, although there is some evidence to support it, on the entire evidence, we are left with a firm conviction a mistake has been made." *Thompson v. Thompson*, 2018 ND 21, ¶ 29, 905 N.W.2d 772. "This Court views the evidence in the light most favorable to the findings, and the district court's findings of fact are presumptively correct." *Hitz v. Hitz*, 2008 ND 58, ¶ 10, 746 N.W.2d 732. A district court's "choice between two permissible views of the weight of the evidence is not clearly erroneous, and this Court will not reverse simply because it may have viewed the evidence differently." *Rebel v. Rebel*, 2013 ND 116, ¶ 9, 833 N.W.2d 442. On appeal, we do not reweigh conflicts in the evidence, and we give due regard to the trial court's opportunity to judge the credibility of the witnesses. *Id.*

[¶6] Section 14-05-24(1), N.D.C.C., requires a district court to make an equitable division of the parties' marital estate. *Rebel v. Rebel*, 2016 ND 144, ¶ 7, 882 N.W.2d 256. "In making an equitable distribution of marital property, a court must consider all of the parties' assets." *Id.* "After including the parties' marital assets and debts in the marital estate," the court must consider the *Ruff–Fischer* guidelines in distributing the assets:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Id.* The district court is not required to make specific findings on each factor, but must explain the rationale for its decision. *Berg*, 2018 ND 79, ¶ 7, 908 N.W.2d 705. A

2

district court must also explain a substantial disparity in its property distribution. *Rebel*, 2013 ND 116, at ¶ 7.

[¶7] "[A] trial court, having the opportunity to observe demeanor and credibility, is in a far better position than an appellate court in ascertaining the true facts regarding property value." *Hitz*, 2008 ND 58, ¶ 13, 746 N.W.2d 732 (quoting *Hoverson v. Hoverson*, 2001 ND 124, ¶ 13, 629 N.W.2d 573). "A marital property valuation within the range of the evidence is not clearly erroneous." *Id.* "A choice between two permissible views of the evidence is not clearly erroneous when the trial court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations." *Fox v. Fox*, 2001 ND 88, ¶ 14, 626 N.W.2d 660.


### III

[¶8] Gaye Swanson contends the district court erred in its distribution of marital property by: including in the marital estate property previously transferred to Gaye Swanson's sons, including the full $10,000 value of the 2007 Hummer in Gaye Swanson's property distribution, and awarding Roy Swanson farmland that was inherited from his mother.

[¶9] North Dakota law does not mandate a set formula or method to determine how marital property is to be divided. *Brew v. Brew*, 2017 ND 242, ¶ 15, 903 N.W.2d 72. Rather, the division is based on the particular circumstances of each case. *Id*. A long-term marriage generally supports an equal property distribution. *Id*. The trial court must start with a presumption that all property held by either party, whether held jointly or individually, is to be considered marital property. *Berg*, 2018 ND 79, ¶ 7, 908 N.W.2d 705. We have repeatedly held that separate property, whether inherited or otherwise, must initially be included in the marital estate, and have never held that property brought into a marriage or acquired by gift or inheritance by one spouse, be irrevocably set aside to that spouse. *Hitz*, 2008 ND 58, ¶ 14, 746 N.W.2d 732; *see also Ulsaker v. White*, 2006 ND 133, ¶ 12, 717 N.W.2d 567. However, under the *Ruff-*

3

*Fischer* guidelines, a district court may consider the property's origin when distributing the marital estate. *Brew*, at ¶ 18. A property distribution need not be equal to be equitable, but the district court must explain any "substantial disparity" in its distribution. *Berg*, at ¶ 7.

[¶10]   In this case, the trial court found "no real substantial disparity" in the division of the property. Though Gaye Swanson received approximately thirty-five (35) percent of the marital estate, the court explained that the difference was due to Roy Swanson being assigned all of the farm's debt. The district court also explained, while it considered the fact that Roy Swanson inherited the farmland from his mother during the marriage, it awarded the property to Roy Swanson because the court did not find Gaye Swanson capable of servicing the farm's debt. This Court has recognized on numerous occasions "the importance of preserving the viability of a business operation like a family farm," and "liquidation of an ongoing farming operation or business is ordinarily a last resort." *Rebel*, 2016 ND 144, ¶ 11, 882 N.W.2d 256 (quoting *Eberle v. Eberle*, 2010 ND 107, ¶ 20, 783 N.W.2d 254). We conclude the court did not err in considering the property's origin as a factor in deciding to award the farmland, and its corresponding debt, to Roy Swanson.

[¶11]   Further, nothing in the record suggests the district court erred in finding Gaye Swanson owned the parcels of land transferred to her sons or in awarding her the full value of the 2007 Hummer. Numerous deeds were entered into evidence during trial. These deeds showed that while Gaye Swanson did transfer some property to her sons, these transfers were completed during the pendency of the divorce. The district court thus found these transfers were attempts by Gaye Swanson to transfer the property out of the marital estate. Other properties were also transferred to Gaye Swanson's sons prior to the divorce proceedings. However, the court found Gaye Swanson had no intent to divest herself of dominion and control of the property and thus included the properties in the marital estate. The district court also received evidence, including Gaye Swanson's Rule 8.3 disclosure sheets, from which it concluded Gaye Swanson possessed an ownership interest in the Hummer equivalent to $10,000. As a whole,

4

the record does not provide us with a definite and firm conviction that the district court made a mistake by including these properties in the marital estate.

IV

[¶12]   Gaye Swanson argues the district court erred by not determining Roy Swanson was at fault in its analysis under the *Ruff-Fischer* guidelines. In distributing marital property, the *Ruff–Fischer* guidelines allow a district court to consider the parties' conduct during the marriage, including fault. *Weigel v. Weigel*, 2015 ND 270, ¶ 22, 871 N.W.2d 810. Economic fault and dissipation of assets are relevant factors the court may consider and are grounds for an unequal distribution. *Brew*, 2017 ND 242, ¶ 15, 903 N.W.2d 72. Economic misconduct is misconduct that results in a wasted asset or in the reduction of the net marital estate. *Hoverson*, 2001 ND 124, ¶ 24, 629 N.W.2d 573. Such a "destruction, squandering or waste of assets" is properly considered by a district court under the *Ruff-Fischer* guidelines. *Amsbaugh v. Amsbaugh*, 2004 ND 11, ¶ 52, 673 N.W.2d 601 (Maring, J., concurring). A court's finding of economic or non-economic fault is a finding of fact subject to the clearly erroneous rule. *Conzemius v. Conzemius*, 2014 ND 5, ¶ 22, 841 N.W.2d 716.

[¶13]   Here, Gaye Swanson contends Roy Swanson's conviction for sexual assault amounted to economic waste because it resulted in Gaye Swanson losing her foster care license. While this Court has considered the impact of incarceration on spousal support, we have not considered the impact of a spouse's incarceration on the equitable distribution of a marital estate. *See Parisien v. Parisien*, 2010 ND 35, ¶ 14, 779 N.W.2d 130. Gaye Swanson did not provide structured argument or case law to support her contention that a criminal conviction results in the "destruction, squandering or waste of assets." Nor is this Court aware of any North Dakota case law addressing the question. The district court did not err in refusing to find Roy Swanson committed economic fault based solely on his prior conviction.

[¶14]   Gaye Swanson also argues the district court erred in not relying on her domestic violence protection order against Roy Swanson. The res judicata effect of

5

a domestic violence protection order establishes that such an order was obtained. *See Hanneman v. Nygaard*, 2010 ND 113, ¶¶ 12-14, 784 N.W.2d 117. However, it does not establish how heavily the district court must weigh the order in fault determinations under the *Ruff-Fischer* guidelines. "It is important to remember that 'clearly erroneous' is a deferential standard." *Conzemius*, 2014 ND 5, ¶ 22, 841 N.W.2d 716. "Often, on the basis of the evidence before it, a district court can decide either way on an issue without being clearly erroneous." *Id.* In this case, we are not left with a definite and firm conviction a mistake was made by the district court in its distribution of the marital estate.

V

[¶15]  We affirm the district court's judgment distributing the marital estate.

[¶16]  Gerald W. VandeWalle, C.J.
Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen

I concur in the result.
Lisa Fair McEvers

6