# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 96

Tami Van Beek,                                         Plaintiff and Appellee

v.

Darrell Van Beek,                                      Defendant and Appellant

and

State of North Dakota,                      Statutory Real Party in Interest

### No. 20240319

Appeal from the District Court of Emmons County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Elizabeth A. Elsberry, Bismarck, ND, for plaintiff and appellee.

Leah M. Warner, Fargo, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Darrell Van Beek appeals from a judgment entered following a bench trial in a divorce action. He asserts the district court erred in valuing and distributing the marital estate, abused its discretion in not allowing his insurance agent to testify, erred in awarding Tami Van Beek primary residential responsibility, erred in calculating his child support obligation, and erred in awarding Tami Van Beek attorney's fees. We affirm the judgment with the exception of the inclusion of the potential income of $198,823 in the marital estate, and reverse and remand without further evidentiary proceedings for reconsideration of an appropriate allocation of the existing marital estate in light of Darrell Van Beek's decision not to farm the land. We also remand for consideration of whether an award of attorney's fees and costs with respect to this appeal will result in a financial hardship to Darrell Van Beek and, if appropriate, the amount of any award.

I

[¶2]   The Van Beeks married in June 2007 and have three children together. In April 2024, the district court conducted a two-day trial during which Darrell Van Beek and Tami Van Beek provided testimony and exhibits. The court also received in camera testimony from two of the parties' children, the testimony of administrators from the local high school, and testimony from Darrell Van Beek's parents.

[¶3]   The district court divided the marital estate and debts by allocating to Tami Van Beek farmland and an equity payment of $700,000. She was also awarded attorney's fees under N.D.C.C. § 14-09-29(4). Darrell Van Beek was allocated crops, land rent, and vehicles. Tami Van Beek was granted primary residential responsibility and child support based on a determination that Darrell Van Beek's income was $48,000 per year.

1

[¶4] Darrell Van Beek argues the district court erred in distributing the marital property by breaking up the family farming operation, erred in its valuation of multiple marital assets, and erred by not allowing his insurance agent to testify.

[¶5] This Court reviews a district court's distribution of marital property as a finding of fact under a clearly erroneous standard:

> A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. We view the evidence in the light most favorable to the findings, and the district court's factual findings are presumptively correct. Valuations of marital property within the range of the evidence presented are not clearly erroneous. A choice between two permissible views of the evidence is not clearly erroneous if the district court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations.

*Kitzan v. Kitzan*, 2023 ND 23, ¶ 6, 985 N.W.2d 717 (cleaned up).

[¶6] In a divorce action, the district court "shall make an equitable distribution of the property and debts of the parties." N.D.C.C. § 14-05-24(1). Cases involving a long-term marriage generally support an equal property distribution. *Swanson v. Swanson*, 2019 ND 25, ¶ 9, 921 N.W.2d 666. Our law does not mandate a set formula or method to determine this division. *Id.* Instead, the division is based on the particular circumstances of each case. *Id.*

[¶7] "The [district] court must include all of the parties' assets and debts in the marital estate and then consider the *Ruff-Fischer* guidelines to determine an equitable distribution." *Willprecht v. Willprecht*, 2020 ND 77, ¶ 19, 941 N.W.2d 556. The *Ruff-Fischer* factors include the following:

> The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by

the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Willprecht*, ¶ 19 (cleaned up).

[¶8] "The [district] court is not required to make specific findings for each factor, but it must specify a rationale for its decision." *Willprecht*, 2020 ND 77, ¶ 19. The distribution does not need to be equal to be equitable, but a substantial disparity must be explained. *Berg v. Berg,* 2018 ND 79, ¶ 7, 908 N.W.2d 705.

A

[¶9] Darrell Van Beek argues the district court erred when it broke up his family farming operation by awarding Tami Van Beek the northeast quarter of Section 21. This Court has recognized on numerous occasions "the importance of preserving the viability of a business operation like a family farm, and liquidation of an ongoing farming operation or business is ordinarily a last resort." *Rebel v. Rebel*, 2016 ND 144, ¶ 11, 882 N.W.2d 256 (cleaned up).

[¶10] Darrell Van Beek argues the district court went "out of its way to suggest this is not a family farm because Darrell was uncertain if he planned to farm going forward and did not plant crops on the land in 2024." Darrell Van Beek asserts this goes against the evidence that he has been farming for years, is the son of a farmer, and that the parties' son was heavily involved in farming and wishes to become a farmer following high school.

[¶11] Two potential farming operations were discussed at trial—Van Beek Farms, which is owned by Darrell Van Beek's parents, and the use of the parties' farmland allocated to Tami Van Beek.

[¶12] Darrell Van Beek and Tami Van Beek purchased the farmland in 2020 and it is the only farmland they own. At the time of trial, Darrell Van Beek had farmed the land for three growing seasons—2021 through 2023. Darrell Van Beek testified he did not intend to farm the farmland in 2024. The parties' length of ownership and use of the farmland is significantly different than the family farming operations discussed in our prior cases. *See, e.g., Willprecht*, 2020 ND 77,

3

¶ 2 (parties acquired farmland during the 19-year marriage); *Marschner v. Marschner*, 2001 ND 4, ¶ 2, 621 N.W.2d 339 (entirety of the nearly 40-year marriage was spent on the farm); *Christmann v. Christmann*, 1997 ND 209, ¶ 2, 570 N.W.2d 221 (parties farmed for nearly 50 years).

[¶13] While our caselaw indicates the district court should consider the preservation of a family farming operation when it is a viable business, the parties' farmland was not a viable business. Darrell Van Beek testified that his 2023 income from the farmland was $18,000 and that he did not have any crops on hand from prior growing seasons. The evidence received at trial indicated the USDA mortgage payment was $14,000, and Darrell Van Beek owed at least $17,000 in expenses for the 2023 growing season. Darrell Van Beek admitted that this is not a sustainable business plan and testified he did not know if he would be farming in the future, and he was not going to farm in 2024. While Darrell Van Beek has farmed for a significant period of time and is part of a "farming family," his farming has almost exclusively been as either a family member or employee of his parents' farming operation.

[¶14] After a review of the entire record, we conclude the district court's findings regarding the limited use of the farmland allocated to Tami Van Beek were not induced by an erroneous view of the law, were supported by evidence in the record, and we are not left with a definite and firm conviction a mistake has been made.

B

[¶15] Darrell Van Beek argues the district court erred in valuing multiple marital assets. When granting a divorce, a district court is required to value the parties' property and debts and make an equitable distribution. N.D.C.C. § 14-05-24(1); *Berdahl v. Berdahl*, 2022 ND 136, ¶ 6, 977 N.W.2d 294. "Valuations of marital property within the range of the evidence presented are not clearly erroneous." *Berdahl*, ¶ 6 (cleaned up). A district court's property valuation is a finding of fact, which will not be reversed on appeal unless they are clearly erroneous. *Orwig v. Orwig*, 2021 ND 33, ¶ 22, 955 N.W.2d 34 (citing *Wald v. Wald*, 2020 ND 174, ¶¶ 11, 19, 947 N.W.2d 359). "A finding of fact is clearly erroneous if it is induced

by an erroneous view of the law, there is no evidence to support it, or, after reviewing the entire record, this Court is left with a definite and firm conviction a mistake has been made." *Wald*, ¶ 11. "The district court's valuations depend on the evidence the parties present, and we presume the court's valuations are correct." *Orwig*, ¶ 22. This Court gives deference to the "district court's credibility determinations." *Id.*

1

[¶16] Darrell Van Beek argues the district court erred in accepting Tami Van Beek's valuation of sunflowers, corn, and soybeans after Darrell Van Beek testified the crops did not exist nor were in his control. Tami Van Beek valued the crops at $1,176,000. Darrell Van Beek contends the crops did not exist and as such, there was no value to be allocated. Tami Van Beek created a demonstrative exhibit to support her valuation of crops on hand using insurance records and settlement statements stipulated as admissible by the parties and received as evidence by the court.

[¶17] The district court weighed the evidence offered by both parties, finding Tami Van Beek's evidence more credible and accepted her value for the crops on hand. The court's valuation is within the range of the evidence presented and its choice between two permissible views of the evidence is not clearly erroneous.

2

[¶18] Darrell Van Beek argues that the district court erred by excluding testimony from his insurance agent regarding the crop insurance paperwork used by Tami Van Beek to determine the value of crops on hand. An appeal regarding the denial of testimony is reviewed under the abuse of discretion standard. *State v. Schmidkunz*, 2006 ND 192, ¶ 15, 172 N.W.2d 387. "The district court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Nesvig v. Nesvig*, 2006 ND 66, ¶ 12, 712 N.W.2d 299.

5

[¶19] Tami Van Beek used insurance records authored by the insurance agent as well as other documentation to create her demonstrative exhibit regarding the value of the crops on hand. Prior to trial, the parties stipulated to the admission of those documents and the court received the documents as evidence. Darrell Van Beek did not disclose his insurance agent as a potential witness prior to trial. At trial, Tami Van Beek provided extensive testimony regarding the value of the crops using the insurance records, other documentation, and her demonstrative exhibit.

[¶20] At trial, Darrell Van Beek called the insurance agent as a witness and Tami Van Beek objected. Darrell Van Beek initially argued the insurance agent was being called as an impeachment witness. After discussion that the insurance agent would not be testifying that her insurance documents were incorrect, Darrell Van Beek argued that because he disagreed with the crop values included in Tami Van Beek's demonstrative exhibit, the insurance agent should be permitted to testify off of the demonstrative exhibit and offer her opinion as to Tami Van Beek's values. The court did not allow the insurance agent to testify.

[¶21] On appeal, Tami Van Beek contends that Darrell Van Beek failed to make an offer of proof at trial and that, without an offer of proof, he failed to properly preserve the issue for review. Before an aggrieved party can challenge the propriety of a discovery sanction which excludes evidence, the party must have made an offer of proof, demonstrating prejudice from the court's refusal to allow the evidence. *Wagner v. Peterson,* 430 N.W.2d 331, 332 (N.D. 1988); Rule 103(a)(2), N.D.R.Ev. Darrell Van Beek did not make an offer of proof as to what the insurance agent would testify to regarding the demonstrative exhibit or how the testimony would be different than the information provided in the stipulated documents. Absent an offer of proof, we have no means to determine whether the exclusion of the witness resulted in prejudice. We conclude Darrell Van Beek failed to adequately preserve the issue.

3

[¶22] Next, Darrell Van Beek argues the district court erred by allocating $198,823 in non-existent funds to him and described by the district court as

"Lands Rented but not farmed." The parties paid Lori Carlson and Mary Baumgartner just over $13,000 for land rent in March 2023. Darrell Van Beek testified that he paid Carlson and Baumgartner rent for 2023, claimed he did not farm their land, and testified that his father farmed the land. Tami Van Beek testified that Darrell Van Beek explained the situation by stating, "why would I farm that so you can get the money?" Darrell Van Beek admitted that he could have made money off of the rented land. The court found the gross income from the land that was rented but not farmed by the parties was approximately $398,823.91, allowed an estimate of $200,000 for expenses had the land been farmed by the parties, and determined net potential income of $198,823.

[¶23] The valuation date in this matter was December 1, 2023. The land was farmed and the district court noted the following: "This Court will assess $198,823 in Darrell's column for 2023 lands that he allegedly did not farm." It is unclear whether the court was increasing the parties' marital estate or considering Darrell Van Beek's actions in determining a fair allocation of the existing marital estate.

[¶24] North Dakota has long recognized the concepts of economic and non-economic fault. *Halvorson v. Halvorson*, 482 N.W.2d 869, 870-71 (N.D. 1992). The consideration of economic fault aims to address whether a party dissipated marital assets during a divorce. *Id.* at 870 ("The court specifically found that Glenn's transfer of the property resulted in dissipation of marital assets and constituted economic fault."). If a party dissipates property, the district court does not award the previously transferred property to the offending person; rather, the court charges the value of the improperly transferred assets to the offender's share of the property division. *Id.* A party's dissipation of marital assets is a particularly relevant factor in equitably dividing property. *Horner v. Horner*, 2004 ND 165, ¶ 16, 686 N.W.2d 131. "Economic misconduct is misconduct that results in a wasted asset or in the reduction of the net marital estate." *Swanson v. Swanson*, 2019 ND 25, ¶ 12, 921 N.W.2d 666. "Such a 'destruction, squandering or waste of assets' is properly considered by a district court under the *Ruff-Fischer* guidelines." *Id.* (quoting *Amsbaugh v. Amsbaugh*, 2004 ND 11, ¶ 52, 673 N.W.2d 601 (Maring, J., concurring)). "Economic fault and dissipation of assets are relevant factors the court may consider and are grounds

for an unequal distribution." *Id.; see also Noble v. Noble*, 2005 WI App 227, ¶ 19, 287 Wis.2d 699, 706 N.W.2d 166 (Wisconsin law does not require that a party to a pending divorce take advantage of an opportunity to acquire property that would increase the value of the marital estate. "This is so even if the opportunity represents a good deal.").

[¶25] Our prior cases recognize that a district court may consider economic misconduct as a basis for an unequal distribution of the marital estate. However, our cases have not previously recognized economic misconduct as a basis for increasing the marital estate through "potential" income or by imputing income. While it would be appropriate for the court to determine whether Darrell Van Beek's payment of land rent and subsequent decision not to farm the land was economic misconduct for the purpose of an unequal division of the marital estate, under the facts of this case we decline to extend our holdings regarding economic misconduct beyond consideration of an unequal distribution of the existing marital estate to allow an increase in the marital estate itself. Whether the court's determination to "assess $198,823 in Darrell's column for 2023 lands that he allegedly did not farm" was an improper inclusion of the income in the marital estate or the court's proper consideration of, an accounting for economic misconduct is unclear.

[¶26] We reverse to the extent the potential income of $198,823 was included within the marital estate and remand without further evidentiary proceedings for reconsideration of an appropriate allocation of the existing marital estate in light of Darrell Van Beek's decision not to farm the land.

4

[¶27] Darrell Van Beek argues his testimony and evidence established he did not own or have possession of the semi and 2023 Ford F550 and the allocation of those assets to him was therefore clearly erroneous. A purchase agreement and Tami Van Beek's testimony indicated that the parties ordered the 2023 Ford F550 in December 2022. Tax returns showed that Darrell Van Beek wrote this vehicle off on his 2022 individual taxes. As for the semi, a semi valued at $46,500 was on

the asset report on Darrell Van Beek's 2022 individual tax return and it was on previous tax years' depreciation schedules.

[¶28] The district court weighed the evidence offered by both parties, finding Tami Van Beek's more credible. "In a bench trial, the district court determines credibility issues, which we will not second-guess on appeal." *Kemmet v. Kemmet*, 2024 ND 65, ¶ 8, 5 N.W.3d 509 (quoting *Berdahl v. Berdahl*, 2022 ND 136, ¶ 9, 977 N.W.2d 294). The court's choice between two permissible views of the evidence is not clearly erroneous.

### III

[¶29] This Court reviews an award of primary residential responsibility under the clearly erroneous standard of review. *Boeckel v. Boeckel*, 2010 ND 130, ¶ 9, 785 N.W.2d 213. This Court does not reweigh the evidence or reassess the credibility of witnesses, nor does this Court substitute its judgment for a district court's initial decision. *Id.* A district court's decision awarding primary residential responsibility is a finding of fact which will not be set aside on appeal unless it is induced by an erroneous view of the law, if no evidence exists to support it, or if on the entire record this Court is left with a definite and firm conviction a mistake has been made. *Duff v. Kearns-Duff*, 2010 ND 247, ¶ 5, 792 N.W.2d 916. "A choice between two permissible views of the weight of the evidence is not clearly erroneous[.]" *Id.* (quoting *Sorenson v. Slater*, 2010 ND 146, ¶ 7, 786 N.W.2d 739). A district court shall consider the best interests of the child in awarding primary residential responsibility, and the court must consider all relevant factors under N.D.C.C. § 14-09-06.2(1). *Id.* ¶ 6.

[¶30] On appeal, Darrell Van Beek argues the district court erred in applying best-interest factors i and j of N.D.C.C. § 14-09-06.2(1) in its analysis of the best interests of the children. Darrell Van Beek does not contest the court's findings under factors a, b, c, d, e, f, g, h, k, l, or m.

[¶31] Regarding best-interest factor i, Darrell Van Beek argues the district court erred when it awarded Tami Van Beek primary residential responsibility of L.V.B. because the child expressed a desire of wanting to reside with him.

[¶32] Under N.D.C.C. § 14-09-06.2(1)(i), "[i]f the court finds by clear and convincing evidence that a child is of sufficient maturity to make a sound judgment, the court *may give* substantial weight to the preference of the mature child[,]" but also "shall give due consideration to other factors that may have affected the child's preference, including whether the child's preference was based on undesirable or improper influences." (Emphasis added.) This Court has explained the district court generally has "wide discretion regarding the examination of witnesses, and, under appropriate circumstances, a court may refuse to allow a witness to testify." *Reineke v. Reineke*, 2003 ND 167, ¶ 16, 670 N.W.2d 841 (cleaned up); *see also* N.D.R.Civ.P. 61 ("[N]o error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, . . . or for vacating, modifying, or otherwise disturbing a judgment or order" and "the court must disregard all errors and defects that do not affect any party's substantial rights.").

[¶33] "[M]ore weight should be given to a child's [custodial] preference as the child matures." *Frueh v. Frueh*, 2009 ND 155, ¶ 14, 771 N.W.2d 593; *see Mertz v. Mertz*, 439 N.W.2d 94, 96 n. 2 (N.D. 1989). "The preference of a child who is capable of intelligently choosing between his parents for custody can be significant in determining the best interest of the child," but the "child's preference is 'only one factor' to consider and *is not usually* determinative." *Novak v. Novak*, 441 N.W.2d 656, 658 (N.D. 1989) (emphasis added).

[¶34] Here, under best-interest factor i, the district court found that L.V.B. was not mature enough to make his own decisions and the court declined to place significant weight on L.V.B.'s preference. The court's findings included the following:

> Tami testified that L.V.B. is a people-pleaser, and that he has always been controlled and manipulated by Darrell. [The local school

superintendent/school counselor] described him as immature, reactive, and questioned his honesty. . . . While Darrell asked the Court to take L.V.B.'s opinion into consideration, he did not provide any evidence convincing this Court that L.V.B. is mature enough to make his own decisions. The Court has serious concerns about L.V.B.'s motivation at school, respect for authority, and a true understanding of the consequences of his actions.

. . . This Court does not find L.V.B. mature enough to make his own decisions and will not take his preference into consideration. The Court will, however, take the demeanor and content of his testimony into consideration in issuing the parenting plan.

[¶35] The maturity of the child depends on the facts and circumstances of each individual case. Under the clearly erroneous standard of review, we do not reassess evidence or the witnesses' credibility or retry a custody case, and we do not substitute our judgment for a district court's decision merely because we might have reached a different result. *Niemann v. Niemann*, 2008 ND 54, ¶ 11, 746 N.W.2d 3. "A choice between two permissible views of the weight of the evidence is not clearly erroneous and our deferential review is especially applicable for a difficult child custody decision involving two fit parents." *Id.* On appeal, the complaining party bears the burden of proving a finding of fact is clearly erroneous. *Koble v. Koble,* 2008 ND 11, ¶ 6, 743 N.W.2d 797.

[¶36] We conclude the district court correctly applied the law, there is evidence in the record to support the findings on factor i, and we are not left with a definite and firm conviction a mistake has been made. The findings regarding the child's maturity and the child's preference are not clearly erroneous.

B

[¶37] Darrell Van Beek argues the district court erred by finding there was credible evidence of domestic violence, applying the statutory domestic violence presumption, and that the court's finding of domestic violence is inconsistent with awarding him unsupervised parenting time of L.V.B.

[¶38] The district court considers evidence of domestic violence under best-interest factor j:

11

In determining parental rights and responsibilities, the court shall consider evidence of domestic violence. If the court finds credible evidence that domestic violence has occurred, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, this combination creates a rebuttable presumption that a parent who has perpetrated domestic violence may not be awarded residential responsibility for the child. This presumption may be overcome only by clear and convincing evidence that the best interests of the child require that parent have residential responsibility. The court shall cite specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence. . . . The fact that the abused parent suffers from the effects of the abuse may not be grounds for denying that parent residential responsibility. As used in this subdivision, "domestic violence" means domestic violence as defined in section 14-07.1-01. A court may consider, but is not bound by, a finding of domestic violence in another proceeding under chapter 14-07.1.

N.D.C.C. § 14-09-06.2(1)(j). Domestic violence "includes physical harm, bodily injury, sexual activity compelled by physical force, assault, or the infliction of fear of imminent physical harm, bodily injury, sexual activity compelled by physical force, or assault, not committed in self-defense, on the complaining family or household members." N.D.C.C. § 14-07.1-01(2).

[¶39] The district court found credible evidence of domestic violence and applied the statutory domestic violence presumption. After a review of the record we conclude the findings are supported by evidence in the record, the court did not misapply the law, and we are not left with a definite and firm conviction a mistake has been made. The findings are not clearly erroneous and the court did not err in applying the statutory domestic violence presumption.

[¶40] To overcome the domestic violence presumption, Darrell Van Beek must clearly and convincingly demonstrate the children's best interests require that he have primary residential responsibility. N.D.C.C. § 14-09-06.2(1)(j). The district

12

court addressed each best-interest factor, finding nine factors favored Tami Van Beek and the remaining factors favored neither party or were not applicable.

[¶41] The district court weighed best-interest factor j and the evidence of domestic violence and determined, based on the evidence as a whole, it was in the children's best interests for Tami Van Beek to receive primary residential responsibility. After a review of the entire record, we conclude the court's findings were not induced by an erroneous view of the law, were supported by the evidence in the record, and we are not left with a definite and firm conviction a mistake has been made.

[¶42] Darrell Van Beek argues that the district court's finding of domestic violence is inconsistent with awarding him unsupervised parenting time of L.V.B. Factor J precludes a parent who has perpetrated domestic violence from being awarded residential responsibility for the child. N.D.C.C. § 14-09-06.2(1)(j). To overcome the presumption, Darrell Van Beek would be required to provide clear and convincing evidence that the best interests of the child require that he have residential responsibility. N.D.C.C. § 14-09-06.2(1)(j). The court is required to cite specific findings of fact to show that the residential responsibility best protects the child and the parent or other family or household member who is the victim of domestic violence. In allowing Darrell Van Beek unsupervised parenting time of L.V.B., the court found the following:

> The Court has serious concerns about Darrell and L.V.B.'s relationship, which seems to have facets of control and manipulation. The Court gets the impression that if it ordered supervised parenting time for L.V.B., L.V.B. would not follow the order, and would further drive a wedge between L.V.B. and Tami. Further, L.V.B. is a teenager, and has the ability to remove himself from an unsafe situation.

[¶43] Tami Van Beek has not appealed the district court's award of unsupervised parenting time to Darrell Van Beek and we therefore decline to consider whether the court's factual findings are sufficient to support unsupervised parenting time. However, we conclude any inconsistency between the court's finding Darrell Van Beek perpetrated domestic violence and the

award of unsupervised parenting time does not demonstrate the court's conclusion regarding the domestic violence presumption was erroneous, but creates a question, not raised on this appeal, of whether the award of unsupervised parenting time itself was appropriate.

IV

[¶44] Darrell Van Beek argues the district court erred in calculating his income to determine his child support obligation. Specifically, he argues the court erred in considering his in-kind income.

[¶45] Our standard of review for child support decisions is well-established:

> Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made.

*Updike v. Updike*, 2022 ND 99, ¶ 5, 974 N.W.2d 360 (quoting *Schrodt v. Schrodt*, 2022 ND 64, ¶ 19, 971 N.W.2d 861).

[¶46] The district court was required to consider the value of any in-kind income when determining an obligor's gross income for purposes of calculating child support. *Halberg v. Halberg*, 2010 ND 20, ¶ 16, 777 N.W.2d 872; N.D. Admin. Code § 75-02-04.1-07(1). In-kind income is:

> [T]he receipt from employment or income-producing activity of any valuable right, property or property interest, other than money or money's worth, including forgiveness of debt (other than through bankruptcy), use of property, including living quarters at no charge or less than the customary charge, and the use of consumable property or services at no charge or less than the customary charge.

N.D. Admin. Code § 75-02-04.1-01(5); *Halberg*, ¶ 21.

[¶47] In determining Darrell Van Beek's child support obligation, the district court found:

> Both parties submitted proposed child support calculations to the Court. Tami proposed Darrell's income for the purposes of child support be 1099 income of $48,000/year. See Exhibits 90A, 90B, 90C. Darrell proposed his income for the purpose of child support be $42,000/year. See Exhibit 149. Greg testified he pays Darrell $48,000/year. Darrell testified he only earned $42,000 this year, and indicated it was lower in 2023 because he owed Greg money, for something. If Darrell had a debt to Greg waived in lieu of receiving cash for his work, that is in-kind income, and is included in gross income for the purposes of child support. See N.D.A.C. § 75-02-04.1-01(4)(b) and (5).

[¶48] We conclude the district court did not misapply the law in considering Darrell Van Beek's in-kind income.

V

[¶49] Tami Van Beek's request for attorney's fees in the divorce were made in part under N.D.C.C. § 14-09-29(4). Section 14-09-29(4), N.D.C.C., provides:

> In any proceeding dealing with parental rights and responsibilities in which a parent is found to have perpetrated domestic violence, and there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding, all court costs, attorney's fees, evaluation fees, and expert witness fees *must* be paid by the perpetrator of the domestic violence unless those costs would place an undue financial hardship on that parent.

(Emphasis added.)

[¶50] Darrell Van Beek argues the district court erred in awarding Tami Van Beek attorney's fees under N.D.C.C. § 14-09-29(4) without making a finding whether those costs would result in undue financial hardship. Tami Van Beek expressly sought a recovery of costs and attorney's fees pursuant to § 14-09-29(4). The court considered § 14-09-29(4) and found Darrell Van Beek perpetrated

15

domestic violence as defined in the statute. Despite notice that Tami Van Beek was seeking a recovery of costs and attorney's fees pursuant to § 14-09-29(4), Darrell Van Beek neither asserted the recovery would cause undue financial hardship nor did he request a finding on that issue. We conclude that once Tami Van Beek offered evidence to support an award under the statute, the award became mandatory absent the undue financial hardship exception, and the burden switched to Darrell Van Beek to establish the exception that the award would cause undue financial hardship.

VI

[¶51] Tami Van Beek requests attorney's fees related to this appeal. Tami Van Beek's attorney submitted an affidavit and itemized statement stating Tami Van Beek incurred attorney's fees of $12,548.50 defending the appeal. *See United Bank of Bismarck v. Young*, 401 N.W.2d 517, 519 n.1 (N.D. 1987) (stating "that if more than a token amount of attorney fees is sought in a request to this court to impose monetary sanctions under Rule 38, N.D.R.App.P., the request should be accompanied by an affidavit documenting the work performed on the appeal to enable us to calculate the amount of reasonable attorney fees to be assessed.").

[¶52] Section 14-09-29(4), N.D.C.C., provides for the recovery of attorney's fees in proceedings where a parent has perpetrated domestic violence and, as we concluded in the prior section, attorney's fees were properly awarded by the district court. We conclude the statute extends to the recovery for the costs and attorney's fees incurred in a subsequent appeal.

[¶53] We recently addressed this issue in the application of a similar statute allowing a prevailing plaintiff to recover costs and attorney's fees following the removal of a small claims court action to the district court by the defendant. *Johnson v. Menard, Inc.*, 2021 ND 19, ¶¶ 24-25, 955 N.W.2d 27. In *Johnson*, the plaintiff argued she was entitled to attorney's fees for the appeal under N.D.C.C. § 27-08.1-04. That statute provides, '"If the defendant elects to remove the action from small claims court to district court, the district court shall award attorney's fees to a prevailing plaintiff." *Johnson*, ¶ 24 (quoting N.D.C.C. § 27-08.1-04). We noted that the statute requires the district court to award attorney's fees when

16

the party becomes a prevailing plaintiff in the district court. *Id.* ¶ 24. However, we noted that the statute is silent on whether this includes attorney's fees when the action continues to an appeal and it was unclear whether the legislature intended to include an award of attorney's fees for an appeal. *Id*. We resolved the issue as follows:

> Although the statute is unclear, it would appear inconsistent to disallow attorney's fees for this appeal when the statute grants attorney's fees to a prevailing plaintiff. When discussing a similar statute in a previous case we stated, "This Court has decided statutory provisions authorizing an award of attorney fees to a prevailing party entitle that party to attorney fees in successfully defending a judgment on appeal . . . . [T]o disallow attorney's fees for the appeal may dilute or dissipate the party's recovery." *Rocky Mountain Steel Founds., Inc. v. Brockett Co., LLC*, 2019 ND 252, ¶¶ 23, 25, 934 N.W.2d 531 (quoting *Schwab v. Zajac*, 2012 ND 239, ¶ 27, 823 N.W.2d 737). As a result, a prevailing plaintiff should be awarded reasonable attorney's fees for the district court proceedings and for a successful appeal under N.D.C.C. § 27-08.1-04.

*Id*. ¶ 25.

[¶54] We conclude N.D.C.C. § 14-09-29(4) provides for a recovery of costs and attorney's fees on appeal. However, in his briefing to this Court, Darrell Van Beek argued an award of attorney's fees on appeal would cause great financial hardship. Because this Court does not have a factfinding process to ascertain the nature of the claimed hardship, we remand the question to the district court for determination with respect to an award of attorney's fees and costs with respect to this appeal.

## VII

[¶55] We affirm the judgment except for the inclusion of the potential income of $198,823 in the marital estate. We reverse and remand for determination, without further evidentiary proceedings, the appropriate allocation of the existing marital estate in light of Darrell Van Beek's decision not to farm the land he had rented. We also remand for consideration of whether an award of attorney's fees

17

and costs with respect to this appeal will result in a financial hardship to Darrell Van Beek and, if appropriate, the amount of any award.

[¶56] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr